DECISION JUDGMENT ENTRY
{¶ 1} This is an appeal from a Chillicothe Municipal Court judgment of conviction and sentence. The appellant entered a guilty plea to the charge of driving while under the influence of alcohol in violation of R.C. 4511.19, his second offense within the relevant time frame. The trial court sentenced appellant (1) to serve one hundred twenty days in the county jail; (2) to pay a three hundred fifty dollar fine plus court costs; and (3) to receive a two year operator's license suspension.
 {¶ 2} Appellant raises the following assignment of error for our review:
 {¶ 3} "The trial court committed prejudicial error by failing to set aside defendant-appellant's guilty plea which was obtained through coercion and duress."
 {¶ 4} On October 16, 2002, appellant appeared in court with his counsel for a pretrial hearing. At the hearing, the parties negotiated a plea agreement. In return for appellant's guilty plea to the driving under the influence charge, the prosecution agreed to dismiss the remaining charges. The trial court accepted appellant's guilty plea, found appellant guilty and pronounced sentence.
 {¶ 5} On November 1, 2002, appellant filed a motion to "set aside his plea" because, appellant contends, his plea resulted from "coercion and threats." Appellant asserted that at his pretrial conference, an Ohio State Highway Patrol Trooper served him with a disorderly conduct complaint that stemmed from the driving under the influence arrest and warned that if he did not plead guilty to the driving under the influence charge, the appellant "would not be going home that day." Appellant maintains that he was "placed under great duress and coercion" and that his plea is "voidable as not being voluntarily and intelligently made."
 {¶ 6} On November 13, 2002, prior to the trial court having an opportunity to review and rule on appellant's motion to withdraw his guilty plea, appellant filed a notice of appeal. In his notice of appeal, appellant states that he appeals "the Judgment Entry time stamped the 16th day of October, 2002."
 {¶ 7} In his sole assignment of error, appellant contends that the trial court erred by failing to grant his right to withdraw his guilty plea which, appellant contends, was the product of coercion and duress. Conversely, the appellee asserts that (1) the trial court did not get an opportunity to rule on the appellant's motion to withdraw his guilty plea and (2) appellant's motion relies upon matters outside the record.
 {¶ 8} Generally, under Crim.R. 32.1 a trial court may grant a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. The Ohio Supreme Court has defined manifest injustice as a clear or openly unjust act. State ex rel.Schneider v. Kreiner, 83 Ohio St.3d 203, 208, 1998-Ohio-271,699 N.E.2d 83. This standard permits a defendant to withdraw his guilty plea only in extraordinary cases. State v. Smith (1977),49 Ohio St.2d 261, 264, 361 N.E.2d 1324. Thus, a trial court will not grant a post-sentence motion to withdraw a guilty plea unless the defendant establishes that a manifest injustice will result if the plea stands. State v. Xie (1992), 62 Ohio St.3d 521,526, 584 N.E.2d 715.
 {¶ 9} The decision to grant or deny a post-sentence motion to withdraw a guilty plea is committed to the sound discretion of the trial court. Smith, 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus. Thus, an appellate court will not reverse the trial court's decision absent an abuse of discretion.Xie, supra. An abuse of discretion is more than an error of judgment; it implies that the court's attitude is unreasonable, unconscionable, or arbitrary. State v. Clark,71 Ohio St.3d 466, 470, 1994-Ohio-43, 644 N.E.2d 331.
 {¶ 10} When a defendant files a Crim.R. 32.1 motion to withdraw a guilty plea, trial courts will, if necessary, conduct an evidentiary hearing; however, trial courts are not always required to do so. State v. Moore, Pike App. No. 01CA674, 2002-Ohio-5748, at ¶ 17. Trial courts need only conduct an evidentiary hearing when the facts, as alleged by the defendant, indicate that a manifest injustice would occur if the plea was allowed to stand Id. Moreover, an evidentiary hearing is not required if the defendant's allegations are "conclusively and irrefutably contradicted by the record." Id at ¶ 18.
 {¶ 11} In the case sub judice, we note that the appellant's brief asserts that the trial court erred by overruling his motion to withdraw his guilty plea. We further note that the appellant filed his notice of appeal only twelve days after he filed his motion to withdraw his guilty plea. We do not believe that the trial court had sufficient time to review appellant's motion and to consider the record or to conduct an evidentiary hearing, if necessary, and issue a judgment that either overruled or granted appellant's motion. In light of appellant's assignment of error in this appeal, and in light of the timing of appellant's motion and his notice of appeal, we hereby dismiss this appeal in order to provide the trial court with sufficient time to fully consider appellant's motion. Moreover, we note that appellant asserts, in support of his motion to withdraw his guilty plea, that he was pressured or coerced into entering his guilty plea. These claims do involve matters allegedly outside the record of this proceeding. Such a claim must be established during an evidentiary hearing in support of appellant's motion or pursuant to post conviction relief proceedings filed under R.C. 2953.21.
 {¶ 12} Accordingly, based upon the foregoing reasons we hereby dismiss the appeal in order to provide the trial court the opportunity to consider appellant's motion to withdraw his guilty plea.
Appeal Dismissed.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and appellant shall bear the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J.: Concurs in Judgment Opinion
Evans, J.: Not Participating.