[Cite as *State v. Sanders*, 2014-Ohio-1573.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-P-0087** |
| PAUL D. SANDERS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2004 CR 0121.

Judgment: Affirmed.


*Victor V. Vigluicci*, Portage County Prosecutor, and *Kristina Drnjevich*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Paul D. Sanders*, pro se, PID: A473235, Trumbull Correctional Institution, P.O. Box 901, Leavittsburg, OH 44430 (Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} This appeal is from a nunc pro tunc entry of the Portage County Court of Common Pleas. In the entry, the trial court notified appellant, Paul D. Sanders, that he would be subject to mandatory post-release control for a five-year period following the completion of his current prison term. Before this court, appellant attempts to challenge the validity of other aspects of his criminal sentence, including the finality of the original sentencing judgment. For the following reasons, we conclude that, in light of the proper

notification of post-release control, all aspects of appellant's sentence are legally valid and enforceable against him.

{¶2} At the close of a jury trial in September 2004, appellant was found guilty of aggravated robbery and failure to comply with a police officer's signal or order. The two offenses were based upon an incident in which appellant robbed a grocery store while yielding a BB gun, and then tried to elude the police by engaging in a high-speed chase through a residential neighborhood. Before a sentence could be imposed for these two crimes, appellant agreed to a plea bargain regarding a third charge which pertained to a separate incident at a grocery store. Under the terms of the bargain, he agreed to plead guilty to the amended charge of robbery.

{¶3} A sentencing hearing was held on all three offenses. At the close of that proceeding, the trial court imposed an aggregate prison term of fifteen years. However, the court failed to orally inform appellant that he would be subject to a mandatory term of post-release control after his prison term was over. Furthermore, although the final sentencing judgment contained a reference to post-release control, it incorrectly stated that the imposition of post-release control in appellant's case would be discretionary, not mandatory.

{¶4} Appellant pursued a direct appeal from the final judgment, contesting the legality of the aggregate sentence. In *State v, Sanders*, 11th Dist. Portage No. 2004-P-0094, 2005-Ohio-4778, we upheld the fifteen-year sentence in all respects, holding that the imposition of consecutive and greater-than-the-minimum prison terms did not result in a violation of appellant's constitutional rights. No issue was raised regarding the trial court's notification of post-release control.

2

{¶5} Approximately five years after our decision in the direct appeal, appellant filed a number of submissions with the trial court, including a petition for postconviction relief. As part of his arguments, he asserted that his entire sentence must be declared void due to the trial court's failure to give oral notification during the sentencing hearing that he would be subject to mandatory post-release control. After the state had moved to dismiss the postconviction petition, the trial court rendered a new judgment in which it did not address the substance of appellant's "post-release control" argument. Instead, the court dismissed appellant's petition on the grounds that it was not filed timely under R.C. 2953.23.

{¶6} Appellant again pursued an appeal to this court. In *State v. Sanders*, 11th Dist. Portage No. 2011-P-0088, 2012-Ohio-5025, we reversed the trial court's judgment as it pertained to the "post-release control" issue and remanded the case for additional proceedings. First, our opinion held that, since the failure to provide proper notification renders the "post-release control" aspect of a sentence contrary to law and, thus, void, the issue could be raised at any time and was not subject to the usual time limits for a postconviction petition. *Id.* at ¶8, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. Second, this court concluded that, in imposing appellant's sentence in October 2004, the trial court did not satisfy the statutory requirements for adequate notification of post-release control either during the sentencing hearing or in the sentencing judgment. *Id.* at ¶9-10. Third, we rejected appellant's assertion that the "notification" error entitled him to a de novo sentencing hearing; i.e., because the trial court's error only renders the "post-release control" part of the sentence null and void, he was only entitled to a new sentencing hearing on that particular point. *Id.* at ¶14-15.

3

{¶7} Upon remand, the trial court scheduled the new sentencing proceeding for September 23, 2013. Approximately one week before the new hearing, appellant filed two new submissions: (1) a motion for leave to withdraw his guilty plea; and (2) a motion for the issuance of a final appealable order. In the latter motion, he argued that a valid final judgment had never been issued in his criminal case because, in the October 2004 sentencing judgment, the trial court's reference to his guilty plea on the amended count was not accompanied by an express finding of guilt in light of the plea.

{¶8} One day after the new hearing, the trial court issued a nunc pro tunc entry concerning appellant's sentence. In addition to restating that appellant would serve an aggregate prison term of fifteen years, the entry contains written notification that he will be subject to five years of mandatory post-release control after his release from prison. The entry does not refer to either of the two motions appellant had recently filed.

{¶9} One week after issuing the nunc pro tunc sentencing entry, the trial court rendered two additional judgments overruling appellant's pending motions. However, in subsequently instituting this appeal, appellant has referred solely to the nunc pro tunc entry. In his brief, he asserts two assignments of error for review:

{¶10} "[1.] The trial court abused its discretion and erred to the prejudice of appellant when it failed to issue a final appealable order prior to the imposition of post-release control.

{¶11} "[2.] The trial court abused its discretion, erred to the prejudice of appellant, and committed plain error when it failed to sentence appellant pursuant to STATE V. JOHNSON."

{¶12} Under his first assignment, appellant argues that his entire sentence must

4

be declared void because, notwithstanding the issuance of the nunc pro tunc entry, the trial court still has not issued a valid final sentencing judgment. Restating an argument that he raised in one of the motions filed before the new sentencing hearing, appellant states that the October 2004 sentencing judgment did not constitute a final appealable order because the trial court failed to make a required finding in regard to his guilty plea on the robbery charge. Citing Crim.R. 32(C), he contends that a proper final order has not been rendered in a criminal case unless the judgment states that the court accepted the guilty plea and made an express finding of guilty.

{¶13} Initially, it must again be noted that the trial court's nunc pro tunc entry did not address the merits of appellant's motion for the issuance of a final appealable order. Rather, the trial court rendered a separate judgment on the motion seven days after the nunc pro tunc entry was issued. Thus, given that this appeal was taken solely from the nunc pro tunc entry, the merits of the trial court's denial of the motion are technically not properly before this court in the context of this appeal. Nevertheless, since appellant's "finality" argument raises a jurisdictional challenge which could affect the validity of all post-judgment proceedings in his case from October 2004 until now, the substance of the argument will be addressed.

{¶14} Crim.R. 32(C) delineates a list of requirements for a proper final judgment in a criminal action. At the time the disputed sentencing judgment in appellant's case was issued in October 2004, the rule provided:

{¶15} "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the

5

judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."

{¶16} In this case, the October 2004 sentencing judgment contained only one statement regarding the "guilty plea" aspect of appellant's conviction: "The Court further finds that the Defendant, Paul A. Sanders, has entered a Written Plea of Guilty to Amended Count One of the Indictment, 'Robbery,' a felony of the second degree, in violation of R.C. 2911.01(A)(3) * * *." According to appellant, the mere reference to the fact that he agreed to the guilty plea was insufficient to comply with the first sentence of Crim.R. 32(C). He submits that, since the rule's first sentence states that the judgment of conviction must "set forth" both the plea and any findings, such a judgment can only be considered final when it contains a full explanation of the nature of the guilty plea and whether the plea was accepted by the trial court.

{¶17} Appellant's argument directly conflicts with a recent decision of the Ohio Supreme Court. In *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, the first issue for review was whether it was necessary for the final sentencing judgment to state the way in which the defendant was convicted. The original sentencing judgment in *Lester* only stated that the defendant had been convicted of various offenses; it did not indicate whether the conviction was predicated upon a guilty plea, a no-contest plea followed by a finding of guilt by the trial court, a finding of guilt following a bench trial, or a finding of guilt made by a jury. In concluding that a sentencing judgment must still be deemed a final order even if it does not state the "manner" of the conviction, the *Lester* court held that not all of the provisions of Crim.R. 32(C) constituted substantive requirements which must be satisfied before the judgment can be immediately appealable; i.e., some

6

of the requirements, such as stating the basis for the conviction, are only matters of form that do not have any effect upon the finality of the judgment. *Id.* at ¶12-13. The *Lester* court then provided a statement of what specific Crim.R. 32(C) requirements were considered "substantive" for purposes of finality:

{¶18} "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. (Crim.R. 32(C), explained; * * *.)" *Id.* at the first paragraph of the syllabus.

{¶19} Pursuant to *Lester*, a sentencing judgment is a final appealable order even if it does not indicate that the defendant's conviction was based upon a guilty plea. If a reference to the plea itself is unnecessary for finality, there certainly would be no need to cite that the trial court accepted the plea or made a finding of guilt in light of the plea. *See State v. Melton*, 8th Dist. Cuyahoga No. 96621, 2011-Ohio-5929, ¶14-18. At most, the acceptance of the plea and a finding of guilt are matter of forms that usually should be included in a properly-drafted sentencing judgment, but which do not rise to the level of substantive requirements.

{¶20} In regard to the lack of a finding of guilt, appellant further argues that this resulted in a violation of his constitutional right to due process. However, this argument also directly conflicts with precedent of the Ohio Supreme Court:

{¶21} "Unlike a plea of no contest, which requires a trial court to make a finding of guilt, *State v. Bird* (1998), 81 Ohio St.3d 582, 584, * * *, a plea of guilty requires no finding or verdict. *Kercheval v. United States* (1927), 274 U.S. 220, 223, * * * ('A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession;

7

it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence'). See also *State v. Bowen* (1977), 52 Ohio St.2d 27, 28, * * *." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, ¶15.

{¶22} In this case, the transcript of the sentencing hearing demonstrates that the trial court accepted appellant's guilty plea after engaging in the necessary Crim.R. 11(C) colloquy. More importantly, the October 2004 sentencing judgment expressly stated the "fact" that appellant was convicted of three offenses, including the one amended count to which he pled guilty. Since no other statements as to the guilty plea were needed in order to comply with Crim.R. 32(C), the original sentencing judgment was a final order from which appellant could pursue a proper direct appeal of his conviction. Therefore, because appellant is not entitled to the issuance of a new final sentencing judgment in his criminal case, his first assignment lacks merit.

{¶23} Under his second assignment, appellant challenges the procedure that the trial court followed upon remand during the new sentencing hearing of September 23, 2013. Specifically, he maintains that the trial court erred in not considering whether the offenses of aggravated robbery and failure to comply should have merged for purposes of sentencing.

{¶24} As noted above, in remanding this case for further proceedings in light of the lack of proper notification of post-release control, this court emphasized that only the "post-release control" aspect of the original sentencing judgment was void and subject to modification. *Sanders*, 2012-Ohio-5025, at ¶14. Accordingly, the scope of the new sentencing hearing was limited to the "post-release control" issue. *Id.* Given our exact

holding, the trial court did not have the authority to review the "merger" argument during the new sentencing hearing. Moreover, since appellant could have raised the "merger" issue during his 2004 direct appeal of his conviction, he is barred under the doctrine of res judicata from litigating the issue in the context of a re-sentencing proceeding. *See State v. Dukes*, 11th Dist. Portage Nos. 2011-P-0098 and 2011-P-0099, 2012-Ohio-3033, ¶9.

{¶25} As appellant can no longer contest any aspect of the trial court's decision to impose an aggregate fifteen-year sentence, his second assignment is also without merit.

{¶26} The judgment of the Portage County Court of Common Pleas is hereby affirmed.

TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.

9