[Cite as *State v. Hampton*, 2018-Ohio-1544.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                       Court of Appeals Nos. E-17-008
                                                                              E-17-009
       Appellee

                                                    Trial Court Nos. 2015-CR-0426
v.                                                                      2016-CR-0098

Prince E. Hampton                                   **DECISION AND JUDGMENT**

       Appellant                            Decided:  April 20, 2018

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Martha S. Schultes, Assistant Prosecuting Attorney, for appellee.

Geoffrey L. Oglesby and Danielle C. Kulik, for appellant.

* * * * *

**JENSEN, J.**

**{¶ 1}** This is a consolidated appeal from the judgments of the Erie County Court

of Common Pleas, following guilty pleas, convicting appellant, Prince Hamilton, of one

count of trafficking in cocaine in violation of R.C. 2925.03(A)(1) and (C)(4)(b), a felony

of the fourth degree, and one count of possession of cocaine in violation of R.C.

2925.11(A) and (C)(4)(f), a felony of the first degree, with a forfeiture specification. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On May 14, 2015, appellant was indicted in case No. 2015-CR-0148 on one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(c), a felony of the third degree, and one count of preparation of cocaine for sale in violation of R.C. 2925.03(A)(2) and (C)(4)(d), a felony of the second degree. Then, on October 14, 2015, appellant was indicted in case No. 2015-CR-0426 on one count of trafficking in cocaine in violation of R.C. 2925.03(A)(1) and (C)(4)(a), a felony of the fifth degree, and two counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1) and (C)(4)(b), felonies of the fourth degree. Appellant entered pleas of not guilty to the charges.

{¶ 3} On October 28, 2015, appellant moved to join case Nos. 2015-CR-0148 and 2015-CR-0426. Appellant argued that the drug purchases that formed the basis of the indictment in case No. 2015-CR-0426 led to the issuance of a search warrant, the execution of which resulted in the charges in case No. 2015-CR-0148. Appellant further argued that he was funding his own defense and that a single trial "is economic for counsel," would diminish the inconvenience to witnesses, and would conserve valuable court resources, time, and court costs. The trial court granted appellant's motion on December 7, 2015.

2.

{¶ 4} On February 1, 2016, appellant filed a motion to suppress in which he argued that the evidence resulting from the execution of the search warrant should be excluded because probable cause did not exist to support the search warrant.

{¶ 5} Thereafter, on May 10, 2016, the Erie County Grand Jury entered a new indictment against appellant in case No. 2016-CR-0098 on one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(f), a felony of the first degree, one count of preparation of cocaine for sale in violation of R.C. 2925.03(A)(2) and (C)(4)(g), a felony of the first degree, one count of aggravated possession of drugs in violation of R.C. 2925.11(A) and (C)(1)(b), a felony of the third degree, and one count of aggravated preparation of drugs for sale in violation of R.C. 2925.03(A)(2) and (C)(1)(c), a felony of the second degree. Appellant entered an initial plea of not guilty to these charges.

{¶ 6} On August 25, 2016, all three cases were called, and it was announced that the state and appellant had reached a plea agreement. Appellant agreed to withdraw his motion to suppress and any other pending motions, plead guilty in case No. 2015-CR-0426 to one count of trafficking in cocaine in violation of R.C. 2925.03(A)(1) and (C)(4)(b), a felony of the fourth degree, and plead guilty in case No. 2016-CR-0098 to one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(e) as amended to remove the major drug offender specification, a felony of the first degree. Appellant also agreed to plead guilty to forfeiture specifications totaling $14,448. In exchange, the state agreed to dismiss all of the remaining counts. Further, the parties agreed upon a recommended sentence of eight years in prison.

3.

**{¶ 7}** The trial court then conducted a detailed Crim.R. 11 plea colloquy, and accepted appellant's plea of guilty. The court immediately proceeded to sentencing, and ordered appellant to serve eight years in prison in case No. 2016-CR-0098, and ten months in prison in case No. 2015-CR-0426, with those sentences to run concurrently for a total prison term of eight years.

**{¶ 8}** Subsequently, appellant moved to withdraw his guilty plea.[1] Appellant argued that his plea was not voluntarily made because he was uninformed of our decision in *State v. Gonzales*, 6th Dist. Wood No. WD-13-086, 2015-Ohio-461, ¶ 47, in which we held that, in prosecuting cocaine offenses under R.C. 2925.11(C)(4)(a) through (f), the state "must prove that the weight of the *actual cocaine* possessed by the defendant met the statutory threshold." (Emphasis sic.) Thus, appellant concluded that he could not have been found guilty of first-degree felony possession of cocaine. *But see State v. Gonzales*, 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.3d 419, ¶ 18 (reversing our decision and holding that "the applicable offense level for cocaine possession under R.C. 2925.11(C)(4) is determined by the total weight of the drug involved, including any fillers that are part of the usable drug").

**{¶ 9}** The trial court has not ruled on appellant's postconviction motion to withdraw his guilty plea because appellant also filed a motion for delayed appeal, which

---

[1] While the state's response to appellant's motion and appellant's reply are in the record, the original motion to withdraw the guilty plea is not. Nonetheless, we can glean appellant's arguments from the other filings.

4.

we granted, thereby divesting the trial court of jurisdiction to rule on the motion to withdraw the guilty plea. *See State v. Falin*, 6th Dist. Wood No. WD-11-035, 2011-Ohio-3408, ¶ 3 ("[Defendant's] filing of a notice of appeal from his conviction and sentence divested the trial court of jurisdiction to address his motion to withdraw his plea.").

## II. Assignments of Error

{¶ 10} Appellant now presents four assignments of error for our review:

I. The Defendant had ineffective assistance of counsel when Defendant's counsel files a motion to join two distinct indictments creating a conflict of interest where there is a substantial risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's own personal interests.

II. Defendant had ineffective assistance of counsel and the Court erred in accepting the defendant's plea to Count I of Case No. 2016-CR-098.

III. The trial court erred by not granting the defendant's motion to withdraw his plea as the defendant's plea was not done voluntarily and knowingly.

IV. Defendant's plea was not voluntary as he was not informed of withdrawing his motion to suppress which dealt with the fundamental issue of probable cause.

### III. Analysis

{¶ 11} In his first assignment of error, appellant argues that he received ineffective assistance of counsel when counsel moved to join case Nos. 2015-CR-0148 and 2015-CR-0426. Appellant contends that counsel was motivated by economic factors, which created an impermissible conflict of interest because there was no strategic benefit to trying the two cases together.

{¶ 12} To prevail on a claim of ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687-688, 694. "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 697.

{¶ 13} We find that appellant has not demonstrated any prejudice from counsel's conduct. Appellant never went to trial on the five counts contained in case Nos. 2015-CR-0148 and 2015-CR-0426. Rather, appellant pleaded guilty to one count of trafficking

6.

in cocaine in case No. 2015-CR-0426, and the remaining counts were dismissed. Further, appellant does not point to any fact in the record showing that he would not have pleaded guilty had the cases not been joined. Therefore, we hold that appellant has not satisfied the second prong of the *Strickland* test, and his claim of ineffective assistance of counsel must fail.

{¶ 14} Accordingly, appellant's first assignment of error is not well-taken.

{¶ 15} In his second assignment of error, appellant argues that counsel was ineffective for failing to inform appellant that he could not have been found guilty of the count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(e) under our decision in *State v. Gonzales*, 6th Dist. Wood No. WD-13-086, 2015-Ohio-461.

{¶ 16} "In Ohio, a properly licensed attorney is presumed competent. * * * The appellant bears the burden of proving that his trial counsel was ineffective." (Internal citations omitted.) *State v. Hamblin*, 37 Ohio St.3d 153, 155-156, 524 N.E.2d 476 (1988).

{¶ 17} Here, we note that while appellant asserts that he could not have been found guilty based on the weight of the cocaine, appellant does not identify anything in the record showing that the weight of actual cocaine was under the statutory threshold in light of our decision in *Gonzales*. Indeed, the indictment simply states that appellant "did knowingly possess, use, or obtain, a Schedule II controlled substance in an amount greater than or equal to 100 grams of Cocaine, to wit: 1,360.35 grams of Cocaine +/- 0.26 of a gram of Cocaine plus a trace amount of Cocaine." Furthermore, appellant has

7.

not identified any fact in the record showing that he was not informed of our decision in *Gonzales*. Therefore, we hold that appellant has failed to establish both that counsel's performance fell below an objective standard of reasonableness and that the result of the proceedings would have been different but for the alleged error.

{¶ 18} Accordingly, appellant's second assignment of error is not well-taken.

{¶ 19} In his third assignment of error, appellant argues that the trial court erred by not granting his motion to withdraw his guilty plea. Appellant contends that he should have been allowed to withdraw his plea because he was not informed of the nature of the charges against him with an understanding of the law in relation to the facts. Again, appellant references our decision in *Gonzales* in asserting that the state did not prove the amount of the actual cocaine involved.

{¶ 20} However, appellant's motion to withdraw his guilty plea is not before us because the trial court has not yet ruled on the motion. Therefore, this assignment of error is premature.

{¶ 21} Accordingly, appellant's third assignment of error is not well-taken.

{¶ 22} Finally, in his fourth assignment of error, appellant argues that his guilty plea was not voluntary because he was not informed that his motion to suppress would be withdrawn. We find that appellant's argument is not supported by the record.

{¶ 23} At the beginning of the plea hearing, the state discussed the pending motion to suppress:

8.

[Prosecutor]: Your Honor, first of all, we're also here on 2015-CR-148. Counsel had filed a motion to suppress that was also scheduled for today. It's my understanding that all motions by counsel will be withdrawn at this time before we proceed into the plea agreement.

\* \* \*

[Defense counsel]: Yeah, that's correct, Your Honor, and for the 148 case number I'd also – independently I'd stipulate to probable cause.

Then, after the state had read the plea agreement, defense counsel agreed and stated, "At this time I am withdrawing all my motions that I filed in this matter." The trial court then engaged appellant in the Crim.R. 11 plea colloquy, culminating in the following exchange:

THE COURT: All right. Have you had enough time to discuss these matters with your lawyer?

[Appellant]: Yes.

THE COURT: Are you satisfied with his advice and counsel?

[Appellant]: Yes.

THE COURT: Is there anything here today that you do not understand?

[Appellant]: No, I understand it all.

**{¶ 24}** Therefore, we hold that the record demonstrates that appellant was aware that his motion to suppress was being withdrawn at the time that he entered his guilty plea.

**{¶ 25}** Accordingly, appellant's fourth assignment of error is not well-taken.

## IV. Conclusion

**{¶ 26}** For the foregoing reasons, the judgments of the Erie County Court of Common Pleas are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                        _____
JUDGE

James D. Jensen, J.                     _____

Christine E. Mayle, P.J.                  JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.