[Cite as *State v. Sauceman*, 2021-Ohio-172.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO.  2020-T-0033** |
| JANE SAUCEMAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court, Eastern District, Case No. 2020 TRC 00005 E.

Judgment: Reversed and remanded.

*Dennis Watkins*, Trumbull County Prosecutor, and *Deena L. DeVico*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Judith M. Kowalski*, 333 Babbitt Road, Suite 323, Euclid, OH 44123 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}    Defendant-appellant, Jane Sauceman, appeals her conviction for Driving Under the Influence (DUI) in Trumbull County Eastern District Court following the entry of a plea of guilty.  For the following reasons, we reverse her conviction and remand for further proceedings.

{¶2}    On January 3, 2020, Sauceman was charged with DUI (Case No. 2020 TRC 00005 E), a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1), and Open

Container (Case No. 2020 CRB 00009 E), a minor misdemeanor in violation of R.C 4301.62.

{¶3} On March 5, 2020, Sauceman entered a plea of guilty to DUI and the Open Container case was dismissed. Sauceman was fined $500 plus costs with $125 suspended, ordered to serve 30 days in the county jail with 30 days suspended, and placed on 6 months of non-reporting probation.

{¶4} On April 6, 2020, a Notice of Appeal and a Motion to Withdraw Plea of Guilty were filed on Sauceman's behalf by two different public defenders.

{¶5} On June 30, 2020, the district court ruled that proceedings on the Motion to Withdraw Plea of Guilty would be "held in abeyance until Defendant's direct appeal is decided." *State v. Dudas*, 11th Dist. Lake Nos. 2006-L-267 and 2006-L-268, 2007-Ohio-6739, ¶ 99 ("the filing of a notice of appeal divests the trial court of jurisdiction to consider a motion to withdraw a guilty plea").

{¶6} On appeal, Sauceman raises the following assignments of error:

{¶7} "[1.] Appellant's guilty plea was not made knowingly, intelligently and voluntarily, as the trial court did not comply with Criminal Rule 11."

{¶8} "[2.] Appellant received ineffective assistance of counsel."

{¶9} Preliminarily, we address the State's argument that the appeal should be dismissed for lack of a final order. "Since the trial court never had the opportunity to hold a hearing or even consider Appellant's motion to withdraw her plea, there is no final appealable order upon which Appellant can claim that she should have been allowed to withdraw her plea and that the plea was not made knowingly, intelligently, and voluntarily." Appellee's brief at 2. In support, the State cites *State v. Davidson*, 4th Dist. Ross No.

2

02CA2688, 2004-Ohio-4503, as an example of a court of appeals dismissing an appeal that was filed before the trial court had the opportunity to consider a motion to withdraw a guilty plea.

{¶10} The *Davidson* case is distinguishable. In the *Davidson* case, the appellant was challenging on appeal the denial of his motion to withdraw his guilty plea before the trial court had actually ruled on the motion. *Id.* at ¶ 11; *also, State v Gray*, 5th Dist. Knox No. 17 AP 000004, 2017-Ohio-7969, ¶ 15 ("[u]nder these unusual procedural circumstances, we find the proper remedy is to dismiss this appeal and remand the matter for the trial court to address appellant's Crim.R. 32.1 motion"). In the present case, Sauceman challenges the court's acceptance of her guilty plea in a Judgment Entry dated March 5, 2020, not the denial of her Motion to Withdraw Plea of Guilty. Pursuant to Criminal Rule 32(C), this Entry is a final order which, if not appealed, would become res judicata. *State v. Sanders*, 11th Dist. Portage No. 2013-P-0087, 2014-Ohio-1573, ¶ 16-24. Moreover, the State's position is contrary to the law cited above that the filing of an appeal divests the trial court of jurisdiction to consider a motion to withdraw a guilty plea. *Dudas*, 2007-Ohio-6739, at ¶ 99; *State v. Hampton*, 6th Dist. Erie Nos. E-17-008 and E-17-009, 2018-Ohio-1544, ¶ 9 (the granting of a motion for delayed appeal divested trial court of jurisdiction to rule on a pending motion to withdraw guilty plea).[1]

{¶11} Accordingly, Sauceman's pending Motion to Withdraw Plea of Guilty does not deprive this court of jurisdiction to entertain a direct appeal from the Judgment of her

1. We note that Sauceman's appellate counsel argues the "manifest injustice" standard appropriate "for the Appellant to withdraw her guilty plea after sentencing." However, the argument raised on appeal is not the argument raised in the Motion to Withdraw Plea of Guilty. The argument raised on appeal stems directly from the court's acceptance of her guilty plea, memorialized in the March 5 Entry, which is the judgment identified in the Notice of Appeal as being appealed. Finally, the Notice of Appeal was filed by Sauceman's trial counsel whereas the Motion to Withdraw was filed by a different attorney from the Public Defender's Office. Sauceman has new counsel on appeal.

conviction and sentence.

{¶12} In the first assignment of error, Sauceman claims that her guilty plea was not knowing, intelligent, or voluntary because the trial court failed to "review the rights [she] was giving up," both constitutional and non-constitutional rights, during the plea colloquy or inform her of the "maximum possible penalties." Appellant's brief at 8-9. The State counters that the provisions of Criminal Rule 11(C)(2) relied upon by Sauceman are inapplicable to her misdemeanor offense to which division (D) applies.

{¶13} A violation of R.C. 4511.19(A)(1) aka DUI or OVI, as a first-degree misdemeanor, constitutes a "traffic case" to which the Ohio Traffic Rules apply. Traf.R. 1(A) and 2(A); R.C. 4511.19(G)(1)(a). Punishable by a jail-term of "not more than one hundred eighty days," Sauceman's DUI charge constitutes a "petty offense" under the Traffic Rules. R.C. 2929.24(A)(1) and Traf.R. 2(D).

{¶14} "In misdemeanor cases involving petty offenses, * * * the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty. This information may be presented by general orientation or pronouncement." Traf.R. 10(D). "[W]here a defendant charged with a petty misdemeanor traffic offense pleads guilty or no contest, the trial court complies with Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B)." *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 28; *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 25. According to the information contained in division (B), "[t]he plea of guilty is a complete admission of the defendant's guilt." *See State v. Lusane*, 11th Dist. Portage No. 2019-P-0115, 2020-Ohio-4106, ¶ 24 ("[t]o satisfy the 'effect' requirement, a

trial court can restate the definition of guilty plea, as delineated in Crim.R. 11(B)(1) or Traf.R. 10(B)(1)").

{¶15} Sauceman was not advised that her plea of guilty was a complete admission of her guilt. The plea colloquy provides, in relevant part:

> The Court: Come forward, ma'am. I have a Rule 11 agreement signed by the prosecutor, your attorney. Is that your signature there, ma'am?
>
> Ms. Sauceman: Yep.
>
> The Court: Okay. Are you under the influence of drugs, alcohol or anything that would inhibit your ability to make any decisions today?
>
> Ms. Sauceman: No.
>
> The Court: Did anybody force you, threaten you or promise you anything in order to have you sign this?
>
> Ms. Sauceman: Nope.
>
> The Court: All right. And your attorney explained everything to you?
>
> Ms. Sauceman: Uh-huh.
>
> The Court: Have you understood everything that's going on today?
>
> Ms. Sauceman: Yep, yep.
>
> The Court: Then we'll proceed. D.U.I., it was called for trial today. Defendant appeared with counsel, being advised of her rights, waiving her right to trial. Case will proceed as charged. My understanding you're changing your plea to guilty; is that correct.?
>
> Ms. Sauceman: Yeah.
>
> The Court: I'll accept that guilty plea. There will be a finding of guilt. Prior to sentencing, anything you or your attorney wish to say?

5

Atty. Moro: No, nothing, your Honor.

Likewise, the March 5, 2020 Entry, signed by Sauceman, is silent with respect to the effect of her plea of guilty.

{¶16} At oral argument, it was argued that Sauceman was advised of the effect of pleading guilty at arraignment. Sauceman was arraigned on January 7, 2020. The journal entry for that date provides: "Defendant appeared in court and being advised of his/her rights, entered a plea of not guilty. Defendant further did not waive his/her rights to speedy trial under ORC 2945.71. Clerk to set for: pre-trial. $1500.00 person recog. Condition of bond is no use of illegal drug, alcohol and subject to further screens." There is no transcript of the arraignment proceedings. Without more, we cannot conclude from this record that Sauceman was advised of the effect of the plea of guilty, no contest, and not guilty at arraignment.

{¶17} The failure to comply with the sole requirement mandated by the Traffic Rules for accepting a plea in petty offense cases, like its counterpart for petty offense cases in the Criminal Rules, is grounds for reversing the conviction. *State v. Clark*, 2012-Ohio-3889, 976 N.E.2d 293, ¶ 32 (11th Dist.) (by failing "to inform appellant of the effect of her guilty plea, as mandated by Crim.R. 11(E) and Traf.R. 10(D)" the trial court "committed prejudicial error"); *State v. McGlinch*, 2019-Ohio-1380, 135 N.E.3d 406, ¶ 31 (2d Dist.); *Maple Heights v. Mohammad*, 8th Dist. Cuyahoga No. 108060, 2019-Ohio-4577, ¶ 16; *State v. Smith*, 9th Dist. Medina No. 14CA0122-M, 2016-Ohio-3496, ¶ 12.

{¶18} The first assignment of error is with merit.

{¶19} In her second assignment of error, Sauceman raises a claim of ineffective assistance of counsel based on trial counsel's failure to raise the issue that the trial court

6

failed to go over her rights with her.  Given our disposition of the first assignment of error, the issue of trial counsel's effectiveness is rendered moot.

{¶20} For the foregoing reasons, Sauceman's conviction of DUI in Trumbull County Eastern District Court is reversed and the matter is remanded for further proceedings consistent with this opinion.  Costs to be taxed against the appellee.


MARY JANE TRAPP, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.