[Cite as *State v. Ely*, 2022-Ohio-4039.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2021-A-0028** |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Conneaut Municipal Court |
| DAVID ELY, | |
| Defendant-Appellant. | Trial Court No. 2021 TRC 00244 |

**O P I N I O N**

Decided: November 14, 2022
Judgment: Affirmed

*John D. Lewis*, City of Conneaut Law Director, 294 Main Street, Conneaut, OH 44030 (For Plaintiff-Appellee).

*Adam Parker*, The Goldberg Law Firm, 323 West Lakeside Avenue, Suite 450, Cleveland, OH 44113 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, David Ely, appeals the judgment of the Conneaut Municipal Court imposing sentence following his guilty plea to operating a vehicle under the influence ("OVI"). We affirm.

{¶2} Following a traffic stop, Ely was charged with speeding and OVI, in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree pursuant to R.C. 4511.19(G)(1)(a). After plea negotiations, Ely entered a guilty plea to the OVI charge, and the state agreed to dismiss the speeding charge. The trial court accepted Ely's guilty plea and sentenced him to 180 days of confinement, suspending all but 10 days, and five

years of supervised community control. The trial court issued an entry granting a stay of the sentence during the pendency of appeal.

{¶3} The trial court appointed counsel for Ely's appeal. Counsel ultimately filed a brief, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After an independent review of the proceedings below, this court concluded the record disclosed colorable issues for appeal: whether the trial court erred by failing to inform Ely of the effect of his guilty plea, and whether the plea is governed by Traf.R. 10, as alleged by the state, or Crim.R. 11, as was alleged in appellant's *Anders* brief. We appointed new counsel to argue this and any other assignments of error that successor counsel chose to raise.

{¶4} The parties have now re-briefed the issue pertaining to the trial court's failure to inform Ely of the effect of his guilty plea, and both parties maintain that Traf.R. 10(D) applies. In his sole assigned error, Ely argues:

{¶5} "The trial court failed to comply with Traf. R. 10(D) by not explaining the effect of a guilty plea."

{¶6} "A violation of R.C. 4511.19(A)(1) aka DUI or OVI, as a first-degree misdemeanor, constitutes a 'traffic case' to which the Ohio Traffic Rules apply." *State v. Sauceman*, 11th Dist. Trumbull No. 2020-T-0033, 2021-Ohio-172, ¶ 13, citing Traf.R. 1(A) & 2(A) and R.C. 4511.19(G)(1)(a). "Punishable by a jail-term of 'not more than one hundred eighty days,' [Ely]'s DUI charge constitutes a 'petty offense' under the Traffic Rules." *Sauceman* at ¶ 13, citing R.C. 2929.24(A)(1) and Traf.R. 2(D).

{¶7} Traf.R. 10(D) provides that "[i]n misdemeanor cases involving petty offenses * * * the court may refuse to accept a plea of guilty or no contest and shall not

2

accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty. This information may be presented by general orientation or pronouncement." "When a defendant charged with a petty misdemeanor traffic offense pleads guilty or no contest, the trial court complies with Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B)." *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, at syllabus; *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 25. Traf.R. 10(B)(1) provides, "[t]he plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(E) provides that "[i]n misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty," and is therefore "identical in all relevant respects to Traf.R. 10(D)." *Watkins* at ¶ 15.

{¶8} Neither Crim.R. 11(E) nor Traf.R. 10(D) mandate the heightened colloquy required for felony pleas pursuant to Crim.R. 11(C)(2), which provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is

3

waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

*See also Watkins* at ¶ 25 ("A judge's duty to a defendant before accepting his guilty or no contest plea is graduated according to the seriousness of the crime with which the defendant is charged."). Accordingly, "[i]n all cases, the judge must inform the defendant of the effect of his plea. In felony cases and misdemeanor cases involving serious offenses, a judge must also 'addres[s] the defendant personally' and 'determin[e] that the defendant is making the plea voluntarily.'" *Id.* at ¶ 26, citing Crim.R. 11. "For felony defendants, and only felony defendants, Crim.R. 11(C)(2)(c) adds something extra and separate—the judge must *also* inform the defendant of all the rights attendant to the trial that he is foregoing." (Emphasis sic.) *Watkins* at ¶ 27.

{¶9} Here, the trial court engaged in the following plea colloquy:

THE COURT: * * * Mr. Ely, what's being indicated today is that you wish to change your original not guilty plea to a plea of guilty to the charge of Operating a Vehicle Under the Influence. Is that what you wish to do today?

THE DEFENDANT: Yes.

THE COURT: You understand that by pleading guilty to this offense that you would be withdrawing – your attorney and you would have to withdraw the suppression motion that you filed, so you would be withdrawing any request for this Court to review the issues raised in the suppression motion, and you would be withdrawing your right to a suppression hearing. Is that what you wish to do?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. By pleading guilty, you would also be waiving your right to a trial, which includes your right to cross-

4

examine witnesses and to confront evidence presented against you. You'd be waiving your right to testify or not testify, without any negative connotation. You'd be waiving your right to subpoena witnesses. You'd be waiving your right to be proven guilty beyond a reasonable doubt, as well as your right to a jury trial. All of those, your trial rights, you'd be waiving by pleading guilty to this offense.

Are you sure you want to do that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You are represented by [defense counsel]. Have you had sufficient time to consult with him, and are you satisfied with his counsel?

THE DEFENDANT: Yes.

THE COURT: Has anyone made any promises to you on what your sentence will be in order to induce you to plead guilty to this offense?

THE DEFENDANT: No.

THE COURT: Okay. So, you understand that whatever recommendations are being made are simply that: They're just recommendations to the Court. This Court does not have to follow any recommendations. So, do you understand that?

THE DEFENDANT: Yes.

THE COURT: Okay. Are you currently under the influence of any drugs, alcohol or prescription medications today that might affect your thinking?

THE DEFENDANT: No, Your Honor.

THE COURT: Are you currently on probation, parole, community control or post-release control with any court?

THE DEFENDANT: No.

THE COURT: And are you thinking clearly today, and do you understand everything that's happening?

THE DEFENDANT: Yes.

5

THE COURT: I'm going to provide a form for you and [defense counsel] to review and, if you find it acceptable, execute.

[DEFENSE COUNSEL]: This is the written waiver of trial, jury trial, which he just communicated verbally (inaudible) would sign there. Thank you.

Mr. Ely has executed, and I've signed it as well, in open court a waiver of trial rights and the right to a jury trial in the instant case, Your Honor. Thank you.

\* \* \*

THE COURT: \* \* \* The Court finds the Defendant's plea of guilty to the charge of Operating a Vehicle Under the Influence, a violation of Section 4511.19(A)(1)(a) of the Ohio Revised Code, is knowing, voluntary and intelligent. The Court will accept the guilty plea to that charge. I will, therefore, find the Defendant guilty of that offense.

{¶10} Thus, although the trial court explained numerous rights to Ely that he would be waiving due to his guilty plea, there is no dispute that the trial court did not specifically inform Ely that his guilty plea was "a complete admission of [his] guilt." *See* Traf.R. 10(B) & 10(D). In *Sauceman*, this court held:

> The failure to comply with the sole requirement mandated by the Traffic Rules for accepting a plea in petty offense cases, like its counterpart for petty offense cases in the Criminal Rules, is grounds for reversing the conviction. *State v. Clark*, 2012-Ohio-3889, 976 N.E.2d 293, ¶ 32 (11th Dist.) (by failing "to inform appellant of the effect of her guilty plea, as mandated by Crim.R. 11(E) and Traf.R. 10(D)" the trial court "committed prejudicial error"); *State v. McGlinch*, 2019-Ohio-1380, 135 N.E.3d 406, ¶ 31 (2d Dist.); *Maple Heights v. Mohammad*, 8th Dist. Cuyahoga No. 108060, 2019-Ohio-4577, ¶ 16; *State v. Smith*, 9th Dist. Medina No. 14CA0122-M, 2016-Ohio-3496, ¶ 12.

*Sauceman* at ¶ 17. *See also State v. McGrath*, 2d Dist. Darke No. 2019-CA-21, 2021-Ohio-2605, ¶ 18.

Case No. 2021-A-0028

**{¶11}** Relying on *Sauceman*, Ely argues that the trial court's failure to inform him that his guilty plea was a complete admission of his guilt constituted a "complete" failure to comply with the Rule, and thus he is not required to demonstrate prejudice. However, unlike *Sauceman* and *McGrath*, the trial court here explained numerous rights that Ely was waiving by entering a guilty plea, such as those set forth in Crim.R. 11(C)(2), including Ely's right to a jury trial, to cross-examine witnesses against him, to subpoena witnesses, to testify or not, without negative connotation, and to be proven guilty beyond a reasonable doubt.

**{¶12}** The state maintains that although the trial court did not strictly comply with Traf.R. 10(D), it substantially complied with the Rule, and Ely was not prejudiced. In support, the state relies on the Supreme Court of Ohio's decision in *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51. In *Griggs*, the defendant entered guilty pleas to voluntary manslaughter and burglary, thus implicating Crim.R. 11(C)(2). *Id.* at ¶ 2-3. "During a plea hearing, the court advised Griggs of potential sentencing consequences and of various rights, including the rights to have a jury trial, to have an attorney, to subpoena witnesses, to confront his accusers, and to avoid compulsory self-incrimination. The court did not, however, inform Griggs that his guilty plea was a complete admission of guilt." *Id.* at ¶ 4.

**{¶13}** The *Griggs* court recognized that the right to be informed of the effect of a plea is a nonconstitutional right, subject to a substantial compliance standard. *Id.* at ¶ 12. The court held that "[a] defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as

7

required by Crim.R. 11 is presumed not to be prejudicial." *Id.* at syllabus. The *Griggs* court specifically did not limit its analysis to Crim.R. 11(C)(2), but instead "resolve[d] the effect of a court's failure to advise a criminal defendant that a guilty plea is a complete admission of guilt, pursuant to Crim.R. 11(C)(2), (D), and (E)." *Id.* at ¶ 2. Because Traf.R. 10(D) is identical in relevant part to Crim.R. 11(E), we conclude that the *Griggs* holding applies to Traf.R. 10(D). *See Watkins*, 2003-Ohio-2419, at ¶ 15.

**{¶14}** However, Ely further contends that, unlike *Griggs*, his comments at the sentencing hearing assert actual innocence and establish prejudice.

**{¶15}** After the plea colloquy recited above, the following exchange occurred while discussing the circumstances of the traffic stop and the services Ely had been receiving:

> THE COURT: Okay. And in the report I have in front of me from Community Counseling Center indicates that you have not – you quit drinking in 2015.
>
> THE DEFENDANT: Yeah. I hadn't drank for quite some time.
>
> THE COURT: Okay. Was this a relapse on your part?
>
> THE DEFENDANT: No.
>
> THE COURT: Okay. Also, the report also indicates you continue to use cannabis at least once a week but said you had quit over a month ago.
>
> So, were you under the influence of marijuana at the time? I mean –
>
> THE DEFENDANT: No. I was pulled over – I was pulled over, I feel I should have just got a speeding ticket. The officer grabbed me out of my vehicle physically. That's what started me, that I was kind of uncooperative after that, because I was upset that he had physically grabbed me out of my vehicle and detained me into his patrol car, and then after that did the field sobriety and stuff like that.
>
> And, yeah, I was up – upset. I was upset.

8

THE COURT: Well, I understand you were upset, but that's my question [sic]. My question is, you just pled guilty to operating a vehicle under the influence. What were you under the influence of at the time?

THE DEFENDANT: I blew a breathalyzer.

[DEFENSE COUNSEL]: Your Honor, if I may?

THE COURT: Yes.

THE DEFENDANT: I don't want to say anything incriminating here. I mean, I blew into the breathalyzer.

THE COURT: You just pled – you just pled guilty, Mr. Ely.

THE DEFENDANT: I blew into the breathalyzer.

THE COURT: There isn't anything more incriminating than that. You just pled guilty.

So go ahead, [defense counsel].

[DEFENSE COUNSEL]: Your Honor, thank you.

Um, Mr. Ely did blow a .118 on the portable breathalyzer test, and once he was at the jail, he claimed the alcohol present was from Robitussin cough syrup.

THE COURT: Okay.

[DEFENSE COUNSEL]: So, that's what he claimed on the day of the offense, Your Honor.

THE COURT: Okay.

[DEFENSE COUNSEL]: Thank you.

THE COURT: Thank you.

Mr. Ely, you just pled guilty to operating a vehicle under the influence of alcohol, drugs of abuse, or a combination thereof. That's what you just pled guilty to.

9

So, um, if you don't want to say anything before I sentence you, that's fine. You know, I mean –

THE DEFENDANT: Well –

THE COURT: -- you – you pled guilty to that.

THE DEFENDANT: I understand, Your Honor.

THE COURT: So, my question was simple: What were you – what were you under the influence of?

THE DEFENDANT: It was – I blew a 1.8 [sic.], it was alcohol.

THE COURT: Okay. So, the report you made to Community Counseling was not correct? It says he – he reported he quit drinking in 2015. So drinking alcohol is different than Robitussin?

THE DEFENDANT: No.

THE COURT: Okay. I'm going to proceed to impose sentence. * * *

{¶16} Despite Ely's comments that could indicate that he did not understand that the effect of his guilty plea was a complete admission of guilt, he did ultimately acknowledge that he blew above the legal limit on the breathalyzer as a result of alcohol. Therefore, to the extent that Ely maintains that the *Griggs* presumption is inapplicable due to his assertion of actual innocence, his argument lacks merit.

{¶17} Accordingly, we conclude that the trial court substantially complied with Traf.R. 10(D) and Ely is "presumed to understand that he has completely admitted his guilt" pursuant to *Griggs*.

10

{¶18} Therefore, the judgment is affirmed.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

11

Case No. 2021-A-0028