[Cite as *State v. Sanchez*, 2024-Ohio-5868.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NOS. 2024-A-0057 |
| | 2024-A-0058 |
| Plaintiff-Appellee, | |
| | Criminal Appeals from the |
| - vs - | County Court, Western District |
| | |
| WAYLANDE JUAN SANCHEZ, | |
| | Trial Court Nos. 2024 CRB 00114 W |
| Defendant-Appellant. | 2024 CRB 00124 W |

**O P I N I O N**

Decided: December 16, 2024
Judgment: Reversed and remanded

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Mark Majer*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Russell S. Bensing*, 600 IMG Building, 1360 East Ninth Street, Cleveland, OH 44114 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Waylande Juan Sanchez, appeals from the judgments of the Ashtabula County Court, Western Division, arguing that the trial court failed to comply with Crim.R. 11(B) and (E) and R.C. 2937.07 in taking his guilty plea to Attempted Breaking and Entering, a first-degree misdemeanor in violation of R.C. 2911.13 and R.C. 2923.02, Assault on a Police Dog, a second-degree misdemeanor in violation of R.C. 2921.321, and Resisting Arrest, a second-degree misdemeanor in violation of R.C 2921.33.

{¶2} Appellant argues that the trial court erred because it failed to advise him of the effects of a plea of guilty, not guilty, and no contest and failed to request a factual basis from the State for his offenses.

{¶3} Having reviewed the record and the applicable caselaw, Appellant's assignment of error has merit insofar as the trial court failed to inform Appellant of the effect of his guilty plea at the time of his plea hearing. This constitutes a complete failure to comply with Crim.R. 11(E).

{¶4} Therefore, the judgments of the Ashtabula County Court, Western Division, are reversed, and Appellant's plea is vacated. This matter is remanded for further proceedings in accordance with this opinion.

**Substantive and Procedural History**

{¶5} Appellant was charged with the following offenses in four separate cases in the Ashtabula County Court, Western Division: Burglary, a fourth-degree felony in violation of R.C. 2911.12; Possession of Drugs, a fifth-degree felony in violation of R.C. 2925.11; Resisting Arrest, a second-degree misdemeanor in violation of R.C. 2921.33; Obstructing Official Business, a second-degree misdemeanor in violation of R.C. 2921.31; Assault on a Police Dog, a second-degree misdemeanor in violation of R.C. 2921.321; and two counts of Public Indecency, fourth-degree misdemeanors in violation of R.C. 2907.09.

{¶6} On May 21, 2024, the parties arrived at a global plea agreement resolving all four cases, whereby Appellant would plead guilty to an amended count of Attempted Breaking and Entering, a first-degree misdemeanor in violation of R.C. 2911.13 and R.C. 2923.02, Assault on a Police Dog, a second-degree misdemeanor in violation of R.C.

2921.321, and Resisting Arrest, a second-degree misdemeanor in violation of R.C 2921.33. In exchange, the State agreed to dismiss the remaining charges. Appellant also had a pending probation violation in another case where the State agreed to credit Appellant with the time he had served in jail and terminate probation.

{¶7} After the prosecutor explained the plea agreement to the trial court, the trial court addressed Appellant and engaged in the following colloquy:

THE COURT: All Right. So, Mr. Sanchez, you understand what's being proposed today in this global settlement?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. And you want to go ahead and resolve the matters today?

THE DEFENDANT: Yes, sir.

THE COURT: In order to do so, I have to make sure you understand you're giving up certain rights. You're giving up your right to a trial by jury; giving up your right to subpoena witnesses; giving up the right to hold the State of Ohio to its burden of proof; you're giving up the right to appeal all matters except for this Court's sentence. Do you understand and waive those rights?

THE DEFENDANT: Yes, sir.

. . .

THE COURT: So, Mr. Sanchez, how do you wish to plead to those three charges, again, Resisting Arrest, Assaulting a Police Dog and Attempted Breaking and Entering?

THE DEFENDANT: Guilty.

THE COURT: All right. I accept your guilty plea. I'll find you guilty.

{¶8} After accepting Appellant's guilty plea, the trial court proceeded to sentencing.

3

Case Nos. 2024-A-0057, 2024-A-0058

{¶9} The State and Appellant's counsel both addressed the trial court concerning sentencing. Appellant addressed the court prior to sentencing and said, "I take -- take full responsibility for my actions. Um, I know I haven't made the best decisions, and I will do better."

{¶10} The trial court imposed a 180-day jail sentence on the Attempted Burglary and a 90-day jail sentence on the Assault on a Police Dog to run consecutively. On the Resisting Arrest, the court imposed a 90-day jail sentence to run concurrently. However, the court said that it would entertain releasing Appellant to a lockdown treatment facility after he served six months. The court said punishment was necessary because the law enforcement officers present in court did "not deserve the resisting arrests and whatever happened when you were there on the scene."

{¶11} Appellant timely appealed, raising one assignment of error.

### Assignments of Error and Analysis

{¶12} Appellant's sole assignment of error states: "The trial court erred in accepting a plea of guilty without obtaining an explanation of the circumstances of the offenses, as required by R.C. §2937.07, and without explaining the effects of a plea of guilty, not guilty, or no contest, as required by Crim.R. 11(E)."

{¶13} Appellant's assignment raises two distinct issues: first, whether the trial court was required to obtain an explanation of circumstances upon receiving a guilty plea; second, whether the trial court failed to comply with Crim.R. 11(E) by not explaining the effects of a plea as set forth in Crim.R. 11(B). We address each issue in turn.

{¶14} First, R.C. 2937.07 provides in pertinent part:

Upon receiving a plea of guilty, the court or magistrate shall call for an explanation of the circumstances of the offense from the affiant or

4

complainant or the affiant's or complainant's representatives unless the offense to which the accused is pleading is a minor misdemeanor in which case the court or magistrate is not required to call for an explanation of the circumstances of the offense. After hearing the explanation of circumstances, together with any statement of the accused or after receiving the plea of guilty if an explanation of the circumstances of the offense is not required, the court or magistrate shall proceed to pronounce the sentence or shall continue the matter for the purpose of imposing the sentence.

{¶15} The trial court did not ask for an explanation of circumstances upon Appellant's plea of guilty. Appellant therefore argues that his plea should be vacated.

{¶16} In *State v. Jones*, 2016-Ohio-6987 (11th Dist.), Jones pled guilty, and the trial court did not ask for an explanation of circumstances. *Id.* at ¶ 31. Applying *Cuyahoga Falls v. Bowers,* 9 Ohio St.3d 148 (1984), we held that "'an explanation of circumstances' is important in the context of a 'no contest' plea because it ensures the trial court does not enter a finding of guilty in a perfunctory fashion." *Id.* at ¶ 32, citing *Bowers* at 151. Because of this, the explanation of circumstances "has been deemed a substantive right only in situations where a defendant pleads 'no contest.'" *Id.* In contrast, where a defendant "pleads guilty, such an explanation does not carry the same substantive import." *Id.* This is because of the fundamental difference between a plea of guilty and a plea of no contest, where a plea of guilty constitutes a complete admission of guilt, but a plea of no contest requires "'some type of evidence, at least in misdemeanor cases.'" *Id.*, quoting *State v. Russell*, 2011-Ohio-1181, ¶ 22 (7th Dist.). Indeed, upon a no contest plea, the trial court need not make a finding of guilt. *See Russell* at ¶ 12.

{¶17} A trial court's failure to require the State to give an explanation of circumstances upon a plea of guilty is "harmless as a matter of law." *Jones* at ¶ 32. This is because, "in light of *Bowers*, the 'explanation of circumstances' appears to be akin to

5

a sufficiency-of-the-evidence analysis. To wit, the explanation allows a trial court to determine whether the state could produce adequate evidence to support a finding of guilty upon entry of a 'no contest' plea." *Id.* at ¶ 33. Further, such a failure to obtain an explanation of circumstances will not affect the voluntariness of a plea. *See id.* at ¶ 34.

{¶18} In this case, Appellant has not asserted any prejudice that resulted from the trial court's failure to elicit an explanation of circumstances. As Appellant's plea of guilty constituted a complete admission of guilt, the trial court was free to find him guilty on the basis of the allegations contained in the criminal complaints against him.

{¶19} Second, we address Appellant's argument the trial court did not comply with Crim.R. 11(E).

{¶20} This Court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11. *State v. Willard*, 2021-Ohio-2552, ¶ 51 (11th Dist.). In reviewing a plea colloquy, the focus is not "on whether the trial judge has '[incanted] the precise verbiage' of the rule, *State v. Stewart*, 51 Ohio St.2d 86, 92 . . . (1977), but on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea." *State v. Dangler*, 2020-Ohio-2765, ¶ 12. For this reason, a reviewing court will not reverse a conviction on appeal unless "an error occurred in the trial-court proceedings and . . . [the defendant] was prejudiced by that error." *Id.* at ¶ 13. The exception to this rule is when the trial court fails to notify the defendant of certain constitutional rights during a plea colloquy. *Id.* at ¶ 14. The second exception to the prejudice requirement involves a complete failure by the trial court to inform the defendant of the non-constitutional rights set forth in Crim.R.11. *Id.* at ¶ 15.

6

Case Nos. 2024-A-0057, 2024-A-0058

**{¶21}** To show prejudice, a defendant must demonstrate that the plea would not have been entered but for the trial court's error. *Id.* at ¶ 23.

**{¶22}** A "complete failure to comply" with a non-constitutional requirement of Crim.R. 11 occurs when the court makes "no mention" of the requirement. *Id.* at ¶ 15, citing *State v. Sarkozy*, 2008-Ohio-509, ¶ 22 (holding that a failure to mention postrelease control where the defendant was subject to a mandatory five years of postrelease control was a complete failure to comply with the requirements of Crim.R. 11).

**{¶23}** Pursuant to Crim.R.2(D), this plea involved petty offenses. Therefore, Crim.R. 11(E) controls the requirements for the plea.

**{¶24}** Crim.R. 11 provides in pertinent part:

**(B) Effect of Guilty or No Contest Pleas.** With reference to the offense or offenses to which the plea is entered:

(1) The plea of guilty is a complete admission of the defendant's guilt.

(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.

(3) When a plea of guilty or no contest is accepted pursuant to this rule, the court, except as provided in divisions (C)(3) and (4) of this rule, shall proceed with sentencing under Crim.R. 32.

. . .

**(E) Misdemeanor Cases Involving Petty Offenses.** In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.

The counsel provisions of Crim.R. 44(B) and (C) apply to division (E) of this rule.

**{¶25}** In the context of felony cases, Crim.R. 11(C)(2)(b) "requires that the trial court inform the defendant of and determine that he understands the effect of his plea of

Case Nos. 2024-A-0057, 2024-A-0058

guilty. This is a nonconstitutional requirement . . . ." *State v. Mallon*, 1999 WL 1297603, *5 (11th Dist. Dec. 17, 1999).

{¶26} At issue here, Crim.R. 11(E) requires, among other things, that the trial court inform the defendant of the effect of the plea of guilty, no contest, and not guilty. Crim.R. 11(B) sets forth the effect of each of those pleas. This requirement is substantively identical to Crim.R. 11(C)(2)(b) and is similarly a nonconstitutional requirement. "Whether orally or in writing, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B) before accepting a plea." *State v. Jones*, 2007-Ohio-6093, ¶ 51.

{¶27} Appellant argues that the trial court was required to explain the effect of each of the possible pleas to him at the time he entered his guilty plea, stating: "The words 'no contest' do not appear anywhere in the plea colloquy." This is not accurate. The trial court need only inform the defendant of the effect of the plea that defendant is entering. *Id.* at ¶ 25. ("In this case, before accepting a guilty plea to a misdemeanor for a petty offense, the court was required to inform Jones that a plea of guilty is a complete admission of guilt."). It was not error for the trial court to not inform Appellant of the effect of a no contest plea where he entered a guilty plea.

{¶28} However, Appellant also argues the trial court failed to notify him of the effect of his guilty plea. Appellant is correct in this assertion. Although the trial court explained several constitutional rights that Appellant was giving up by entering a guilty plea, the trial court never explained that the effect of a guilty plea was the complete admission of his guilt.

{¶29} In *State v. O'Brien-Devilliers*, 2024-Ohio-1432 (11th Dist.), we recently vacated the defendant's guilty pleas, finding the trial court had completely failed to comply

8

with Crim.R. 11(E) by failing "to make any mention of the Crim.R. 11(B) language, i.e., that the effect of Ms. O'Brien-Devilliers' guilty pleas was a complete admission of her guilt." *Id.* at ¶ 52. In that case, the defendant had signed an acknowledgement of her rights and responsibilities at her arraignment. *Id.* at ¶ 53. That paperwork explained the effect of pleading guilty, no contest, and/or not guilty. *Id.* However, we found that this did not satisfy Crim.R. 11 because she had signed that paperwork "several weeks prior to the preliminary hearing at which she pleaded guilty and under trying circumstances, having been in jail unmedicated since her arrest on the day of the incident. Further, it was not a written plea form signed on the day of the plea hearing." *Id.* Because of this complete failure, we vacated the defendant's guilty pleas. *Id.* at ¶ 55.

{¶30} Here, Appellant was arrested on May 10, 2023. On May 14, 2024, Appellant was arraigned and signed a "STATEMENT OF RIGHTS AND RESPONSIBILITIES," which stated the effect of a plea of guilty, not guilty, and no contest. Appellant remained in jail at the time he entered his plea of guilty on May 21, 2024. Finally, the plea agreement Appellant signed did not state the effect of a guilty plea.

{¶31} As in *O'Brien-Devilliers*, we find that signing paperwork containing the effects of a guilty plea at a date prior to the plea hearing will not satisfy the requirements set forth in Crim.R. 11(E). By not informing Appellant of the effect of his guilty plea at the time of his plea hearing, the trial court failed to comply with Crim.R. 11(E).

{¶32} Accordingly, Appellant's sole assignment of error has merit.

9

{¶33} For the foregoing reasons, the judgments of the Ashtabula County Court, Western Division, are reversed, and Appellant's plea is vacated. This matter is remanded to the point of error, i.e., the plea hearing, for further proceedings in accordance with this opinion.

MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.