[Cite as *State v. Wilson*, 2025-Ohio-2110.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-A-0092 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the County Court, Western District |
| JAMES K. WILSON, | |
| Defendant-Appellant. | Trial Court No. 2024 TR C 00190 W |

## OPINION AND JUDGMENT ENTRY

Decided: June 16, 2025
Judgment: Reversed and remanded

*April R. Grabman*, Ashtabula County Prosecutor, and *Christine Davis* and *Dane R. Hixson*, Assistant Prosecutors, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Adam Parker*, The Goldberg Law Firm, LLC, 323 West Lakeside Avenue, Suite 450, Cleveland, OH 44113 (For Defendant-Appellant).

ROBERT J. PATTON, P.J.

{¶1} Defendant-appellant, James K. Wilson ("Wilson"), appeals from the judgment of the Ashtabula County Court, Western Division, sentencing him to 180 days in jail resulting from his guilty plea and subsequent conviction of Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs ("OVI") - Third Offense, a misdemeanor, in violation of R.C. 4511.19(A)(1)(a).

{¶2} Wilson argues that the trial court completely failed to comply with Traf.R. 10(C) before accepting his guilty plea. Wilson also asserts that his plea was not knowing,

intelligent, or voluntary as the trial court failed to inform him that the trial court was not bound by the parties' sentencing recommendation.

{¶3}    Upon review, we conclude that the trial court completely failed to inform Wilson of the effect of his guilty plea at the time of his plea hearing. A complete failure to comply with the nonconstitutional requirements set forth in Traf.R. 10 and Crim.R. 11 requires reversal.

{¶4}    The judgment of the Ashtabula County Court, Western Division, is reversed, and Wilson's plea is vacated. This matter is remanded for further proceedings in accordance with this opinion.

## Substantive and Procedural History

{¶5}    A complaint was filed in the Ashtabula County Court, Western Division, on March 13, 2024. The complaint charged Wilson with four offenses: Count 1: OVI-Third Offense, a violation of R.C. 4511.19(A)(1)(a); Count 2: OVI-Second Offense and Above in 20 years With Refusal, a violation of R.C. 4511.19(A)(2); Count 3: Driving Under OVI Suspension, a violation of R.C. 4510.14; and Count 4: Operating Without Reasonable Control, a violation of R.C. 4511.202. According to the trial court docket, Counts 1, 2, and 3 were first-degree misdemeanors. Wilson entered a plea of not guilty at arraignment.

{¶6}    Nearly six months later, on September 10, 2024, Wilson pleaded guilty to Count 1 of the complaint.  At the outset of the plea hearing, Wilson's trial counsel indicated that off-record discussions with the court occurred prior to the plea hearing and that Wilson wished to change his plea. The trial court subsequently informed Wilson that by entering a guilty plea, he would be waiving certain rights including the right to a jury trial, the right to subpoena witnesses and cross-examine witnesses, the right to hold the State

to its burden of proof, and the right to appeal all matters except for the imposed sentence. The trial court did not advise Wilson that his guilty plea was a complete admission of guilt. In accordance with the plea, the remaining charges were dismissed. The trial court ordered a presentence investigation ("PSI"). The trial court also ordered that Wilson be subject to Continuous Alcohol Monitoring ("CAM").

{¶7} On October 16, 2024, the trial court sentenced Wilson to 180 days in jail.[1] The trial court imposed a $1,000 fine and suspended Wilson's driver's license for five years. The trial court granted limited driving privileges if Wilson's vehicle was equipped with ignition interlock and had the appropriate license plates. Wilson filed a motion for a stay of execution of his sentence on October 31, 2024. The trial court denied the motion four days later, on November 4, 2024. Wilson subsequently filed his motion for a stay of execution pending appeal in this court, on December 3, 2024. On January 2, 2025, this court granted Wilson's motion for a stay of his sentence pending appeal.

{¶8} Wilson raises two assignments of error for review:

[1.] "The trial court did not comply with Traf.R.10(C) before accepting appellant's guilty plea."

[2.] "[Wilson]'s guilty plea was not knowing, intelligent, and voluntary where the trial court did not inform [Wilson] that it was not bound by the parties' sentencing recommendation."

{¶9} In his first assignment of error, Wilson argues that the trial court failed to comply with Traf.R. 10(C) and that that such failure constitutes reversible error. We agree.

---

1. According to the record, the trial court indicated that Wilson pleaded guilty to a first-degree misdemeanor. A third-offense OVI is an unclassified misdemeanor. The sentencing guidelines discussed by the trial court during sentencing were for the unclassified misdemeanor.

Case No. 2024-A-0092

{¶10} Traf.R. 10 (C) applies to misdemeanor cases involving serious offenses. A serious offense is defined as "an offense for which the penalty prescribed by law includes confinement for more than six months." Traf.R. 2(E). Wilson pleaded guilty to OVI, a violation of R.C. 4511.19(A)(1)(a), his third OVI offense. The penalty for a third-offense OVI conviction is outlined in R.C. 4511.19(G)(1)(c) which provides in relevant part:

> Except as otherwise provided in division (G)(1)(e) of this section, an offender who, within ten years of the offense, previously has been convicted of or pleaded guilty to two violations of division (A) of this section or other equivalent offenses is guilty of a misdemeanor. The court shall sentence the offender to all of the following:
>
> (i) If the sentence is being imposed for a violation of division (A)(1)(a), (b), (c), (d), (e), or (j) of this section, a mandatory jail term of thirty consecutive days. The court shall impose the thirty-day mandatory jail term under this division unless, subject to division (G)(3) of this section, it instead imposes a sentence under that division consisting of both a jail term and a term of house arrest with electronic monitoring, with continuous alcohol monitoring, or with both electronic monitoring and continuous alcohol monitoring. The court may impose a jail term in addition to the thirty-day mandatory jail term. Notwithstanding the jail terms set forth in sections 2929.21 to 2929.28 of the Revised Code, the additional jail term shall not exceed one year, and the cumulative jail term imposed for the offense shall not exceed one year.

{¶11} Therefore, OVI, as a third offense, is a serious offense and the trial court is required to comply with Traf.R. 10(C).

{¶12} "In misdemeanor cases involving serious offenses, the court may refuse to accept a plea of guilty or no contest and shall not accept such plea without first addressing the defendant personally and informing him of the effect of the pleas of guilty, no contest, and not guilty and determining that he is making the plea voluntarily…" Traf.R. 10(C). The

Case No. 2024-A-0092

trial court must inform the defendant of the effect of a guilty plea and advise the defendant that "[t]he plea of guilty is a complete admission of the defendant's guilt." Traf.R. 10(B). *See also*, Crim.R. 11(D).

{¶13} The requirements contained in Traf.R. 10(C) are identical to those within Crim.R. 11(D). *State v. Lusane*, 2020-Ohio-4106, ¶17 (11th Dist.). This court concluded in *Lusane*, "in taking a guilty plea for a serious misdemeanor offense under Crim.R. 11(D) or Traf.R. 10(C), a trial court has no obligation to provide an explanation of the constitutional rights the defendant is waiving by entering a plea. Instead, there are only two requirements a court must satisfy in addressing a defendant: (1) inform him of the effect of the plea, pursuant to Crim.R. 11(B) or Traf.R. 10(B); and (2) determine whether he is making the plea voluntarily." (Citation omitted.) *Id.* at ¶ 23.

{¶14} This court reviews whether the trial court accepted a plea in compliance with Crim.R. 11 de novo. *State v. Willard*, 2021-Ohio-2552, ¶ 51 (11th Dist.). When reviewing a plea colloquy, "the focus is not 'on whether the trial judge has "[incanted] the precise verbiage" of the rule, *State v. Stewart*, 51 Ohio St.2d 86, 92 ... (1977), but on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea.' *State v. Dangler*, 2020-Ohio-2765, ¶ 12." *State v. Sanchez*, 2024-Ohio-5868, ¶ 20 (11th Dist.).

{¶15} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *Dangler* at ¶ 13, citing *State v. Perry*, 2004-Ohio-297, ¶ 14-15; *Stewart* at 93; Crim.R. 52.

**{¶16}** There are limited exceptions to the prejudice component. We presume a plea was entered involuntarily and unknowingly when a trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(*c*) that a defendant waives by pleading guilty or no contest; thus, no showing of prejudice is required. *Dangler* at ¶ 14, citing *State v. Clark*, 2008-Ohio-3748, ¶ 31; *State v. Veney*, 2008-Ohio-5200, at syllabus.

**{¶17}** Additionally, a defendant's burden to show prejudice is also eliminated if there is a *complete* failure to comply with a portion of Crim.R. 11. *Dangler* at ¶ 15, citing *State v. Sarkozy*, 2008-Ohio-509, ¶ 22. *See Sanchez*, 2024-Ohio-5868 at ¶ 20. "A 'complete failure to comply' with a non-constitutional requirement of Crim.R. 11 occurs when the court makes 'no mention' of the requirement." *Sanchez* at ¶ 22, citing *Dangler* at ¶ 15. *See also, State v. Sarkozy, 2008-Ohio-509, ¶ 22* (holding that a failure to mention postrelease control where the defendant was subject to a mandatory five years of postrelease control was a complete failure to comply with the requirements of Crim.R. 11).

**{¶18}** "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16. When analyzing these cases: "the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Dangler* at ¶ 17.

Case No. 2024-A-0092

**{¶19}** Here, the trial court was required to inform Wilson of the effect of his plea and determine whether his plea was voluntary. The trial court did not inform Wilson that a guilty plea was a complete admission of his guilt. The complete failure to comply with Traf.R. 10 and Crim.R. 11 requires reversal. *See Sanchez,* 2024-Ohio-5868 (11th Dist.); *State v. Howard*, 2025-Ohio-340 (11th Dist.).

**{¶20}** The State asserts that the trial court substantially complied with Crim.R. 11 and Traf.R. 10 and that the trial court's failure to inform the defendant of the effect of a guilty plea is presumed not to be prejudicial. The State relies on this court's prior decision in *State v. Ely*, 2022-Ohio-4039 (11th Dist.). In *Ely*, this court held "that the trial court substantially complied with Traf.R. 10(D) and Ely is 'presumed to understand that he has completely admitted his guilt' pursuant to [State v.] *Griggs,* [2004-Ohio-4415]." *Ely* at ¶ 17.

**{¶21}** The State suggests that the decision in *Sanchez* conflicts with this court's prior decision in *Ely* and urges the court to apply *Ely* to the instant case. We conclude the *Sanchez* and *Ely* are not in conflict. This court's decision in *Sanchez* concluded, as we do here, that the trial court completely failed to inform the defendant of the effect of his guilty plea.

**{¶22}** In *Ely,* this court did not find a complete failure to comply with Crim.R. 11. Instead, the court concluded that the trial court substantially complied. *Ely* is factually distinguishable from *Sanchez* and the case sub judice.

**{¶23}** In *Ely*, the trial court engaged in a lengthy colloquy wherein the trial court conveyed the effect of Ely's plea. The State provided a factual basis and the trial court and Ely engaged in a discussion regarding the underlying facts of the plea. This court

Case No. 2024-A-0092

recognized while Ely made comments suggesting he may not have understood the effect of his plea, Ely "did ultimately acknowledge that he blew above the legal limit on the breathalyzer as a result of alcohol." *Ely* at ¶ 16. In other words, there were other parts of the record which supported a finding that the trial court substantially complied with Crim.R. 11 and Ely was informed of the effect of his plea.

**{¶24}** In the instant case, there was no factual basis provided by the State regarding the underlying facts of the offense, and no discussion with the defendant regarding the underlying facts of this case. There was no written plea agreement filed in the record. In other words, unlike in *Ely*, there is no other evidence in the record to indicate any compliance with Crim.R. 11 or Traf.R. 10's mandate to inform the defendant of his effect of his plea.

**{¶25}** The State also argues that the trial court substantially complied with the rule because the trial court explained the rights Wilson was waiving by pleading guilty, such as his right to a jury trial, the right to cross-examine witnesses, and his limited right to appeal. While this is true, these requirements are found in Crim.R. 11(C)(2)(c). "The effect of the guilty plea is not wrapped up within the requirements listed in Crim.R. 11(C)(2)(a) or (c). The trial court's responsibility to inform and determine that the accused understands the effect of the guilty plea is its own separate nonconstitutional requirement." *Howard*, 2025-Ohio-340 at ¶ 28 (11th Dist.).

**{¶26}** A trial court's compliance with one part of the rule has no bearing on a determination of the trial court's compliance with the other separate portions of the rule. As in *Howard*, the trial court completely failed to comply with the nonconstitutional aspects

of Traf.R. 10 and Crim.R. 11. Therefore, no showing of prejudice is necessary, and Wilson's plea must be vacated.

{¶27} Accordingly, Wilson's first assignment of error has merit. Our disposition as to Wilson's first assignment of error renders his second assignment of error moot.

{¶28} The judgment of the Ashtabula County Court, Western Division, is reversed, and Wilson's plea is vacated. This matter is remanded to the point of error, i.e., the plea hearing, for further proceedings in accordance with this opinion.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2024-A-0092

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, the first assignment of error has merit. It is the judgment and order of this court that the judgment of the Ashtabula County Court, Western Division, is reversed, and appellant's plea is vacated. This matter is remanded to the point of error, i.e., the plea hearing, for further proceedings in accordance with this opinion.

Costs to be taxed against appellee.

PRESIDING JUDGE ROBERT J. PATTON

JUDGE MATT LYNCH, concurs

JUDGE JOHN J. EKLUND, concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2024-A-0092