OPINION
{¶ 1} Appellant, Dwaine L. Thomas, appeals from the July 2, 2001 judgment entry of the Trumbull County Court of Common Pleas, in which he was sentenced for trafficking in crack cocaine and possession of crack cocaine.
 {¶ 2} On August 28, 2000, appellant was indicted by the Trumbull County Grand Jury on one count of trafficking in crack cocaine, a felony of the first degree, in violation of R.C.2925.03(A)(C)(4)(f), and one count of possession of crack cocaine, a felony of the first degree, in violation of R.C.2925.11(A)(C)(4)(f) and R.C. 2941.1410 with a major drug offender specification in violation of R.C. 2929.01. Pursuant to a plea agreement, on June 27, 2001, appellant entered a plea of guilty to an amended indictment, which included one count of trafficking in crack cocaine, a felony of the first degree, in violation of R.C. 2925.03(A)(C)(4)(f), and one count of possession of crack cocaine, a felony of the first degree, in violation of R.C. 2925.11(A)(C)(4)(f).[1]
 {¶ 3} In its July 2, 2001 judgment entry, the trial court sentenced appellant to seven years on each count, to run concurrent to each other, and suspended his driver's license for six months.[2] The trial court included in its judgment entry that post-release control is optional for up to a maximum of five years as well as the consequences for violating conditions of post-release control imposed by the Parole Board under R.C. 2967.28.[3] The trial court also ordered appellant to serve as part of his sentence any term of post-release control imposed by the Parole Board and any prison term for violation of that post-release control. It is from that judgment that appellant filed a notice of appeal and makes the following assignments of error:[4]
 {¶ 4} "[1.] The trial court erred by accepting a guilty plea without first determining whether [appellant] understood the effect of the plea.
 {¶ 5} "[2.] The trial court erred by accepting a guilty plea when it failed to advise appellant that if the matter had proceeded to trial the state would have the burden of proof of appellant's guilt beyond a reasonable doubt in violation of Crim.R. 11(C)(2)(c), with regards to all three charges.
 {¶ 6} "[3.] Appellant was deprived of substantial rights when the trial court committed prejudicial and reversible error by failing to advise [appellant] at either the time of plea and/or sentencing that post-release control was part of appellant's sentence in violation of his rights under the Ohio and Federal Constitutions.
 {¶ 7} "[4.] Appellant was denied substantial rights when the trial court committed prejudicial and reversible error by sentencing him to a stated prison term of seven (7) years conjoined with a five (5) year mandatory period of post-release control pursuant to R.C. 2967.28(B)(1), which exceeded the maximum penalty allowed for a first degree felony offense, when the trial court imposed such sentence contrary to R.C.2929.13(F), R.C. 2929.14(A)(2), and R.C. 5145.01 Post Senate Bill 2, in violation of the Ohio and Federal Constitutions.
 {¶ 8} "[5.] The trial court erred and abused its discretion for failing to follow the procedural requirements of R.C.2929.14(B) and (C) and R.C. 2929.19(B)(2), and by sentencing appellant to a much more severe term of imprisonment than was required by law."
 {¶ 9} In his first assignment of error, appellant argues that the trial court erred by accepting his guilty plea without first determining whether he understood its effect. Appellant contends that the trial court erred by failing to advise him that a plea of guilty is a complete admission of guilt to all charges.
 {¶ 10} Crim.R. 11(C)(2)(b) provides that: "[i]n felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and * * * [i]nforming the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence."
 {¶ 11} The Supreme Court of Ohio, in State v. Griggs,103 Ohio St.3d 85, 2004-Ohio-4415, syllabus, stated that: "[a] defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial." The Supreme Court noted that Griggs implicates Crim.R. 11(C)(2), which applies only to felony cases, while State v. Roberson (June 20, 1997), 2d Dist. No. 16052, 1997 Ohio App. LEXIS 2640, on the other hand, implicates Crim.R. 11(D), which is limited to misdemeanor cases involving serious offenses. Id. at ¶ 2.
 {¶ 12} The Supreme Court in Griggs, at ¶ 12, further stated that: "[t]he right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore is subject to review under a standard of substantial compliance.State v. Nero [1990], 56 Ohio St.3d [106,] 107 * * *. Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. Id. at 108 * * *. The test for prejudice is `whether the plea would have otherwise been made.' Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding [a defendant's] plea and determine whether he subjectively understood that a guilty plea is a complete admission of guilt. Id." (Parallel citations omitted.)
 {¶ 13} In the case at bar, appellant's reliance onRoberson, supra, for the proposition that a trial court must explain that a plea of guilty is a complete admission of guilt is misplaced. Pursuant to Griggs, supra, the Supreme Court of Ohio distinguished Roberson as implicating Crim.R. 11(D), which is limited to misdemeanor cases involving serious offenses. The instant matter, on the other hand, is a felony case which implicates Crim.R. 11(C)(2).
 {¶ 14} Here, the trial court explained the elements and potential penalties of each offense. Also, two prosecutors read a factual basis for each of the charges to which appellant pleaded guilty. The signed plea agreement at issue in this case provides that: "[a]fter being fully informed by my counsel and by the [c]ourt of the charge[s] against me, I am making a plea voluntarily with the understanding of the nature of the charge[s] and the consequences, including the penalty of the plea * * *."
 {¶ 15} The trial court showed the plea agreements to appellant, asked him if he signed them, if he did so freely and voluntarily, and if he understood the documents' contents. Appellant acknowledged his signature, stated that he understood the contents of the documents, had no questions, and indicated to the trial court that he wanted to plead guilty. Thus, the foregoing demonstrates that, based on the totality of the circumstances, appellant subjectively understood the effect of his guilty plea as required by Crim.R. 11(C)(2)(b). See State v.Porterfield, 11th Dist. No. 2002-T-0045, 2004-Ohio-520, at ¶ 34-36; Griggs, supra, at ¶ 12; Nero, supra, at 108. Appellant's first assignment of error is without merit.
 {¶ 16} In his second assignment of error, appellant alleges that the trial court erred by accepting his guilty plea when it failed to advise him that if the matter had proceeded to trial, the state would have the burden of proof of appellant's guilt beyond a reasonable doubt, in violation of Crim.R. 11(C)(2)(c), with regards to all three charges.
 {¶ 17} Crim.R. 11(C)(2)(c) provides that: "[i]n felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and * * * [i]nforming the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 18} Pursuant to Crim.R. 11(C)(2)(c), we stated inPorterfield, supra, at ¶ 52, that: "* * * the right to be proven guilty beyond a reasonable doubt is a constitutional right and, therefore, strict compliance is mandatory." See, also,State v. Higgs (1997), 123 Ohio App.3d 400, 407. "[T]he trial court's failure to reiterate the state's burden of proof prior to its recitation of each count will not, standing alone, act to invalidate a defendant's guilty plea. Instead, a reviewing court must determine whether the record demonstrates that the trial court `meaningfully informed' the defendant as to the rights of trial in a manner which allowed the trial court to determine that the defendant understands the waiver of such rights."Porterfield at ¶ 54. Thus, although the state has the burden to prove all of the elements of the crime beyond a reasonable doubt, it does not have to reiterate its burden of proof prior to its recitation of each count.
 {¶ 19} In the instant matter, it is clear that the trial court stated to appellant that the state's burden of proof was beyond a reasonable doubt with regards to all three charges. Appellant entered two separate pleas to two separate indictments, which included a total of three charges. The trial court indicated to appellant that: "[i]f you wanted to in both cases you could have a jury trial, or in either case you could have a jury trial. The [c]ourt would impanel 12 people. In order to find you guilty they would have to find to their unanimous satisfaction, that means all 12 would have to agree, that the [s]tate proved its case against you by a burden of proof called beyond a reasonable doubt."
 {¶ 20} Based on the foregoing, appellant was "meaningfully informed" that the state had to convince twelve jurors on either one or two juries that he was guilty of three charges, two in this case and one in Case No. 00 CR 356, beyond a reasonable doubt. In addition, the "beyond a reasonable doubt" language was also contained in appellant's plea agreements. Again, appellant stated that he read, signed, and understood the contents of both plea agreements. Also, as previously mentioned in appellant's first assignment of error, two prosecutors indicated in appellant's presence that they would have to prove the individual indictments beyond a reasonable doubt. Pursuant to Crim.R. 11(C)(2)(c) and Porterfield, supra, the record demonstrates that the trial court "meaningfully informed" appellant as to the rights of trial in a manner which allowed the trial court to determine that appellant understood the waiver of such rights. Thus, appellant's second assignment of error is without merit.
 {¶ 21} Because appellant's third, fourth, and fifth assignments of error concern appellant's sentence and are interrelated, they will be addressed in a consolidated manner. In his third assignment of error, appellant contends that he was deprived of substantial rights when the trial court erred by failing to advise him at either the time of plea and/or sentencing that post-release control was part of his sentence in violation of his rights under the Ohio and Federal Constitutions. In his fourth assignment of error, appellant alleges that the trial court erred by sentencing him to a stated prison term of seven years conjoined with a five year mandatory period of post-release control pursuant to R.C. 2967.28(B)(1), which exceeded the maximum penalty allowed for a first degree felony offense, when the trial court imposed such sentence contrary to R.C. 2929.13(F), R.C. 2929.14(A)(2), and R.C. 5145.01, in violation of the Ohio and Federal Constitutions. In his fifth assignment of error, appellant stresses that the trial court erred by failing to follow the procedural requirements of R.C.2929.14(B) and (C) and R.C. 2929.19(B)(2), and by sentencing him to a much more severe term of imprisonment than was required by law.
 {¶ 22} R.C. 2953.08(D) provides that: "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. * * *"
 {¶ 23} In the case sub judice, because appellant's sentence was imposed pursuant to a plea agreement, it is not reviewable according to R.C. 2953.08(D). The record indicates that appellant freely and knowingly entered into the plea agreement. The only issue is whether the agreement was authorized by law. In Statev. Salsgiver (Aug. 10, 2001), 11th Dist. No. 2000-T-0048, 2001 Ohio App. LEXIS 3529, at 5, quoting State v. Bristow (Jan. 29, 1999), 3d Dist. No. 3-98-21, 1999 Ohio App. LEXIS 941, at 6, we stated that: "a `jointly recommended sentence is authorized by law and not subject to appellate review if the prison term imposed does not exceed the maximum term prescribed by statute for each offense.'"
 {¶ 24} Here, appellant jointly recommended the seven year sentence. Pursuant to the finding on guilty plea to the amended indictment, page four provides that: "State and [appellant] agree to seven year sentence on each count to run concurrent to each other." In addition, before the trial court pronounced a sentence, appellant's attorney requested that the trial judge "* * * approve the Rule 11 that we've entered into in this matter * * *."
 {¶ 25} With respect to the validity of the plea, immediately after detailing the sentences for both indictments, the trial court stated that: "[a] prison term is presumed necessary and is mandatory * * * and after your release from prison there is also a mandatory period of post-release control for five years. If you violate a post-release control sanction imposed upon you you could get up to nine months for each violation, but the total amount they give you cannot exceed one-half of my original prison term." Based on the foregoing, although the trial court informed appellant at sentencing that he was subject to post-release control and that it was mandatory, it later provided in its judgment entry that post-release control is optional. Also, appellant's notice of prison form and the plea agreement, both signed by appellant prior to sentencing, provided that appellant was subject to mandatory post-release control.
 {¶ 26} The sentence of seven years on the underlying convictions is well within the maximum statutory limit, ten years, for a first degree felony. R.C. 2929.14(A)(1). However, the maximum sentence is not exceeded by placing appellant on post-release control for five years pursuant to R.C.2967.28(B)(1). Even if a released felon were to violate the terms of post release control, he or she still would not be subject to additional time beyond one-half the original prison sentence. As such, if appellant committed multiple violations, he could be sentenced to an additional three and one-half years in prison because the trial court imposed a seven year sentence. The additional sanction would total ten and one-half years, which is above the maximum sentence of ten years. However, appellant would not be serving that additional time as a result of the offenses to which he pleaded, but rather would be serving additional time as a result of additional violations. The seven year sentence imposed by the sentencing judge is authorized by law.
 {¶ 27} Appellant's statutory rights to have the trial court provide reasons for not issuing the minimum sentence according to R.C. 2929.14(B) were effectively waived by his valid plea agreement with the state. Salsgiver, supra, at 8. In addition, because the court was imposing a jointly recommended sentence, the requirements in State v. Edmonson (1999),86 Ohio St.3d 324, relating to R.C. 2929.14(B) did not need to be met. Id. Appellant's third, fourth, and fifth assignments of error are without merit.
 {¶ 28} For the foregoing reasons, appellant's assignments of error are not welltaken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
Rice, J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment. concur.
[1] The major drug offender specification was nolled. Also, appellant entered a guilty plea pursuant to a plea agreement to an indictment in Case No. 00 CR 356, charging him with possession of crack cocaine, a felony of the fourth degree.
[2] Appellant agreed to this jointly recommended sentence in his plea agreement.
[3] At sentencing, however, the trial court informed appellant that he was subject to mandatory postrelease control. Appellant agreed in the plea agreement, which was signed prior to sentencing, to mandatory post-release control for up to a maximum of five years.
[4] On July 17, 2003, appellant filed a motion for leave to file a delayed appeal, pursuant to App.R. 5(A), along with his notice of appeal. This court granted appellant's motion on October 14, 2003. In addition, we must note that appellant's third through fifth assignments of error were submitted pro se, and that appellant's counsel submitted them on appellant's behalf.