OPINION
{¶ 1} Appellant, Jason Bernard ("Bernard"), appeals from the February 9, 2004 judgment entry of the Ashtabula County Court of Common Pleas sentencing, him to a two-year prison term for a conviction of one count of trafficking in marijuana, a felony of the third degree, in violation of R.C. 2925.03.
 {¶ 2} On April 25, 2003, Bernard was indicted on the following charges: two counts of trafficking in marijuana within the vicinity of a school (count eleven, count twelve), in violation of R.C. 2925.03(A)(1), felonies of the second degree; possession of marijuana within the vicinity of a school (count thirteen), in violation of R.C. 2925.11(A), a felony of the second degree; possession of criminal tools (count fourteen), in violation of R.C 2923.24(A), a felony of the fifth degree; and complicity to trafficking in marijuana within the vicinity of a school (count fifteen), in violation of R.C. 2923.03 (A) and R.C.2925.03(A), a felony of the second degree. Counts eleven, twelve, thirteen, and fifteen each included forfeiture and firearm specifications. Upon arraignment, Bernard entered a plea of not guilty to all charges.
 {¶ 3} On October 28, 2003, a plea hearing was held by the court. At the hearing, Bernard withdrew his former pleas and entered a plea of guilty to a third degree felony of trafficking in marijuana, a lesser included offense of count eleven. The money forfeiture specification of count eleven was included in the plea agreement, but the firearm specification and the remaining counts of the indictment were dismissed.
 {¶ 4} On February 9, 2004, the trial court sentenced Bernard to a two-year prison term on the trafficking conviction, and suspended his driver's license for one year.
 {¶ 5} On March 30, 2004, Bernard filed a motion for leave to file a delayed appeal from the trial court's sentencing judgment entry of February 9, 2004, and his conviction based upon his guilty plea. This court granted Bernard's motion.
 {¶ 6} Bernard raises the following assignments of error for our review:
 {¶ 7} "(1.) The trial court erred by imposing a sentence greater than the minimum sentence available upon appellant, in violation of R.C.2929.14(B).
 {¶ 8} "(2.) The trial court erred by accepting a guilty plea without first determining whether the appellant understood the effect of the plea."
 {¶ 9} Under his first assignment of error, Bernard specifically challenges his prison sentence. However, Bernard has served his two-year sentence on which this assignment is based. The warrant to convey Bernard to the Lorain Correctional Institute in Grafton, Ohio, was executed on February 18, 2004. Taking into account 343 days credit for time served, Bernard's two-year prison sentence expired by April 2005.
 {¶ 10} This court has stated that it is unable to grant relief to a defendant who has served his or her sentence if the underlying conviction or plea itself is not an issue. As Bernard has alleged no collateral disability or loss of rights which might be remedied by a modification of his sentence, his first assignment of error is rendered moot. State v.Blivens, (Sept. 30, 1999), 11th Dist. No. 98-L-189, 1999 Ohio App. LEXIS 4647, at 4; State v. Beamon, 11th Dist. No. 2000-L-160, 2001-Ohio-8712, 2001 Ohio App. LEXIS 5655, at 4; State v. Smith, 11th Dist. No. 2000-L-195; 2002-Ohio-1330, 2002 Ohio App. LEXIS 1341, at 5; State v.Mayle, 11th Dist. No. 2002-A-0110, 2004-Ohio-2203, at ¶ 3; State v.Winland, 11th Dist. No. 2003-A-0101, 2005-Ohio-3408, at ¶ 6.
 {¶ 11} Under his second assignment of error, Bernard is challenging whether he understood the effect of the plea.
 {¶ 12} The Ohio Rules of Criminal Procedure provide in relevant part, that a trial court "shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *." Crim.R.11(C)(2)(b).
 {¶ 13} The criminal rules further provide that "the plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1); Statev. Stumpf (1987), 32 Ohio St.3d 95, 104.
 {¶ 14} "The information that a guilty plea is a complete admission of guilt, along with the other information required by Crim.R. 11, ensures that defendants enter pleas with knowledge of rights that they would forgo and creates a record by which appellate courts can determine whether pleas are entered voluntarily." State v. Griggs (2004),103 Ohio St.3d 85, 87, 2004-Ohio-4415, at ¶ 11.
 {¶ 15} "The right to be informed that a guilty plea is a complete admission of guilt is not constitutional and therefore is subject to review under a standard of substantial compliance. * * * Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. * * * The test for prejudice is `whether the plea would have otherwise been made.' * * *" (Citations omitted.) Griggs at ¶ 12.
 {¶ 16} Accordingly, under the substantial-compliance standard, we review the totality of circumstances surrounding Bernard's plea and determine whether he subjectively understood that a guilty plea is a complete admission of guilt.
 {¶ 17} Bernard argues that the trial court did not substantially comply with the requirement to personally advise him concerning the "effect" of his guilty plea when the court failed to inform that his guilty plea "was a complete admission of guilt." We disagree.
 {¶ 18} In Griggs, the Ohio Supreme Court addressed the same issue presented here, and stated: "* * * we hold that a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial." Id. at ¶ 19.
 {¶ 19} In the present case, Bernard did not assert his actual innocence when entering his plea of guilty. Under Griggs, we presume that Bernard understood that he has completely admitted his guilt and was not prejudiced by the trial court's failure to inform Bernard that his guilty plea was "a complete admission of guilt to the charge."
 {¶ 20} In the case sub judice, Bernard has presented no evidence that he was prejudiced or that he misunderstood the effect of his guilty plea. We note that, unlike the defendant in Griggs, Bernard's guilty plea was entered as to one charge. It is difficult for this court to see any prejudice or misunderstanding based solely upon the court's failure to specifically recite the language that Bernard's plea was "a complete admission of guilt."
 {¶ 21} Further, the trial court specifically identified the trafficking charge to which Bernard was pleading, the individual elements of the charge, and expressly related the facts to the trafficking charge. In turn, Bernard acknowledged that he understood the charge against him, the elements thereof, the possible penalties, and the rights he was waiving by pleading guilty.
 {¶ 22} The record reflects that the court realized its obligations under Crim.R. 11(C)(2), although the court did not specifically state that the guilty plea was "a complete admission of guilt."
 {¶ 23} Based upon the foregoing, we hold that the trial court substantially complied with the requirement of Crim.R. 11(C)(2) to inform Bernard of the effect of his guilty plea. Bernard's second assignment of error is without merit. For the foregoing reasons, the judgment of the trial court is affirmed.
O'Neill, J., Rice, J., concur.