[Cite as *State v. Howard*, 2025-Ohio-340.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NOS. 2024-T-0042 |
| | 2024-T-0064 |
| Plaintiff-Appellee, | |
| | Criminal Appeals from the |
| - vs - | Court of Common Pleas |
| | |
| MEKO D. HOWARD, | |
| | Trial Court Nos. 2022 CR 00248 |
| Defendant-Appellant. | 2022 CR 00358 |

**O P I N I O N**

Decided: February 3, 2025
Judgment: Reversed and remanded

---

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, P.O. Box 1562, Stow, OH 44224 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Meko Howard, appeals his convictions in the Trumbull County Court of Common Pleas after pleading guilty to felony counts in two cases. Appellant has raised two assignments of error: first, that the trial court failed to comply with Crim.R. 11(B) and (C) because it failed to advise him of the effect of a plea of guilty; and second, that the trial court failed to advise him that his plea waived his right to compulsory process.

{¶2} Having reviewed the record and the applicable caselaw, Appellant's first assignment of error has merit because the trial court failed to inform Appellant of the effect of his guilty plea at the time of his plea hearing. This constitutes a complete failure to

comply with the nonconstitutional requirements set forth in Crim.R. 11(C)(2)(b) and requires reversal even absent a showing of prejudice. Our disposition as to Appellant's first assignment of error renders his second assignment of error moot.

{¶3} Therefore, the judgments of the Trumbull County Court of Common Pleas are reversed, and Appellant's plea is vacated. These matters are remanded for further proceedings in accordance with this opinion.

### Substantive and Procedural History

{¶4} On March 25, 2022, Appellant was indicted in Case No. 2022 CR 00248 on the following counts: Count 1: Trafficking in a Fentanyl-Related Compound, a fifth-degree felony in violation of R.C. 2925.03; Count 2: Trafficking in Heroin, a fifth-degree felony in violation of R.C. 2925.03; Count 3: Trafficking in a Fentanyl-Related Compound, a fifth-degree felony in violation of R.C. 2925.03, with a forfeiture specification; Count 4: Possession of a Fentanyl-Related Compound, a first-degree felony in violation of R.C. 2925.11, with a forfeiture specification; and Count 5: Having Weapons While Under Disability, a third-degree felony in violation of R.C. 2923.13.

{¶5} On May 6, 2022, Appellant was charged in Warren Municipal Court and later indicted in the Trumbull County Court of Common Pleas on June 1, 2022 in Case No. 2022 CR 00358 on the following counts: Count One: Failure to Comply with Order or Signal of Police Officer, a third-degree felony in violation of R.C. 2921.331; Count 2: Having Weapons While Under Disability, a third-degree felony in violation of R.C. 2923.13; and Count 3: Tampering With Evidence, a third-degree felony in violation of R.C. 2921.12.

2

Case Nos. 2024-T-0042, 2024-T-0064

{¶6} On January 11, 2024, Appellant entered a guilty plea in a global resolution of both cases to one count of Possession of a Fentanyl-Related Compound, a second-degree felony in violation of R.C. 2925.11, one count of Having Weapons While Under Disability, a third-degree felony in violation of R.C. 2923.13, and one count of Tampering With Evidence, a third-degree felony in violation of R.C. 2921.12.

{¶7} At the plea hearing, the trial court addressed Appellant and said the following:

> THE COURT: All right. Mr. Howard, before I accept your plea in these two cases, I must go over your constitutional rights to make sure you understand the effect of entering a guilty plea in both of these cases. Do you understand?
>
> THE DEFENDANT: Yes, sir.

{¶8} The trial court then explained the maximum penalties involved for each count. After receiving a factual basis for each count from the State, the trial court outlined the essential elements of each offense and said that Appellant was entitled to a trial by jury where the State would have to prove each element beyond a reasonable doubt. Next, the trial court addressed Appellant's right to confrontation, compulsory process, his Fifth Amendment right against self-incrimination, and right to appeal. The court asked Appellant whether he understood that "by pleading guilty here today, you will be giving up those rights I've just outlined for you?" Appellant answered yes.

{¶9} On April 17, 2024, the trial court sentenced Appellant to an indefinite prison term of three to four and one-half years in Case No. 2022 CR 00248. In Case No. 2022 CR 00358, the court sentenced Appellant to three years each on Count 1 and Count 2, to be served concurrently to each other and concurrently to his sentence in Case No. 2022 CR 00248.

3

Case Nos. 2024-T-0042, 2024-T-0064

**{¶10}** Appellant timely appealed in Case No. 2022 CR 00248 but did not file a notice of appeal in Case No. 2022 CR 00358. On August 14, 2024, Appellant filed a Motion for Leave to File a Delayed Appeal in the latter and Motion to Consolidate. We granted his Motion for Leave to File a Delayed Appeal and granted the Motion to Consolidate.

**{¶11}** In this consolidated appeal, Appellant has raised two assignments of error.

### Assignments of Error and Analysis

**{¶12}** Appellant's first assignment of error states: "The trial court erred by accepting Appellant's guilty pleas without properly explaining that Appellant's pleas constituted a complete admission of guilt and that the trial court could immediately proceed to sentencing."

**{¶13}** This Court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11. *State v. Willard*, 2021-Ohio-2552, ¶ 51 (11th Dist.). In reviewing a plea colloquy, the focus is not "on whether the trial judge has '[incanted] the precise verbiage' of the rule, but on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea." (Internal citation omitted.) *State v. Dangler*, 2020-Ohio-2765, ¶ 12, quoting *State v. Stewart*, 51 Ohio St.2d 86, 92 (1977). The "traditional rule" is that a reviewing court will not reverse a conviction on appeal unless "an error occurred in the trial-court proceedings and . . . [the defendant] was prejudiced by that error." *Id.* at ¶ 13. One exception to this rule is when the trial court fails to explain during the plea colloquy the constitutional rights the defendant waives by pleading guilty or no contest. *Id.* at ¶ 14. The second exception

4

to the prejudice requirement involves "a trial court's complete failure to comply with a portion of Crim.R.11(C)." (Emphasis deleted.) *Id.* at ¶ 15.

{¶14} "[A] trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." (Emphasis in original.) *Id.* A "complete failure to comply" with a non-constitutional requirement of Crim.R. 11 occurs when the court makes "no mention" of the requirement. *Id.*, citing *State v. Sarkozy*, 2008-Ohio-509, ¶ 22 (holding that a failure to mention postrelease control where the defendant was subject to a mandatory five years of postrelease control was a complete failure to comply with the requirements of Crim.R. 11(C)(2)(a)).

{¶15} To show prejudice, a defendant must demonstrate that the plea would not have been entered but for the trial court's error. *Id.* at ¶ 23.

{¶16} Crim.R. 11 provides in pertinent part:

**(B) Effect of guilty or no contest pleas**

With reference to the offense or offenses to which the plea is entered:

(1) The plea of guilty is a complete admission of the defendant's guilt.

. . .

**(C) Pleas of guilty and no contest in felony cases**

. . .

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

5

(b) *Informing the defendant of and determining that the defendant understands the effect of the plea of guilty* or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

(Emphasis added.)

{¶17} In the context of felony cases, Crim.R. 11(C)(2)(b) "requires that the trial court inform the defendant of and determine that he understands the effect of his plea of guilty. This is a nonconstitutional requirement." *State v. Mallon*, 1999 WL 1297603, *5 (11th Dist. Dec. 17, 1999); *State v. Griggs*, 2004-Ohio-4415, ¶ 12.

{¶18} "Whether orally or in writing, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B) before accepting a plea." *State v. Jones*, 2007-Ohio-6093, ¶ 51.

{¶19} In *State v. O'Brien-Devilliers*, 2024-Ohio-1432 (11th Dist.), we applied the *Dangler* complete failure analysis in the context of a misdemeanor plea of guilty. *Id.* at ¶ 47. We found that the trial court had completely failed to comply with Crim.R. 11(E) by failing "to make any mention of the Crim.R. 11(B) language, i.e., that the effect of Ms. O'Brien-Devilliers' guilty pleas was a complete admission of her guilt." *Id.* at ¶ 52. Because of this complete failure, we vacated the judgment, which was grounded on the defendant's guilty pleas. *Id.* at ¶ 55; *State v. Sanchez*, 2024-Ohio-5868, ¶ 31 (11th Dist.) (holding the same); *see also State v. Sauceman*, 2021-Ohio-172, ¶ 17 (11th Dist.) (holding, without

6

addressing *Dangler,* that a court is required to inform the defendant of the effect of his or her plea involving a guilty plea governed by Traf.R. 10).

{¶20} In *Dangler*, 2020-Ohio-2765, the Supreme Court of Ohio stated that when a trial court completely fails "to comply with a portion of Crim.R. 11(C)," the defendant's burden to show prejudice is eliminated. *Id.* at ¶ 15. Crim.R. 11(C)(2)(b) states the trial court must inform the defendant of and determine that the defendant understands "the effect of the plea of guilty[.]" Crim.R. 11(B)(1), "Effect of guilty or no contest pleas," states that "The plea of guilty is a complete admission of the defendant's guilt."

{¶21} If a trial court completely fails to comply with this portion of Crim.R. 11, the defendant does not need to show prejudice, and the matter must be reversed. *E.g.*, *State v. Dumas*, 2024-Ohio-2731, ¶ 7, 13 (2d Dist.) (holding the same in the context of a misdemeanor guilty plea); *State v. Johnson*, 2023-Ohio-2008, ¶ 16-17 (6th Dist.) (applying the *Dangler* complete failure analysis in the context of a felony no contest plea); *contra State v. Fontanez*, 2024-Ohio-4579, ¶ 20 (8th Dist.) (where the Eighth District held en banc that "where a trial court does not explicitly state that a guilty plea constitutes a complete admission of guilt during a Crim.R. 11 colloquy but the court otherwise complies with the rule and the defendant does not assert actual innocence, we may presume that the defendant understood that his guilty plea was a complete admission of guilt.")

{¶22} In *Dangler,* the Supreme Court of Ohio explained that

> our caselaw has muddled that analysis [of compliance with Crim.R. 11(C)] by suggesting different tiers of compliance with the rule. The court has, in some instances, said that "partial" compliance is sufficient absent a showing of prejudice from the failure to "substantially" comply, *see, e.g., Clark*, 2008-Ohio-3748, at ¶ 32. Elsewhere, the court has indicated that when a trial court has "substantially" complied, the defendant must show prejudice from the failure to "strictly" or "literally" adhere to the rule, *see, e.g., State v. Nero*, 56 Ohio St.3d 106, 107-108 (1990); *see also State v. Stewart*, 51 Ohio St.2d

7

86, 93, (1977), But those formulations have served only to unduly complicate what should be a fairly straightforward inquiry. Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

(Cleaned up). *Id.* at ¶ 17.

**{¶23}** The State, relying on *Griggs*, 2004-Ohio-4415, *State v. Scott*, 2005-Ohio-689 (11th Dist.), *State v. Thomas*, 2004-Ohio-6947 (11th Dist.), and *State v. Bernard*, 2005-Ohio-5607 (11th Dist.), argues that the trial court substantially complied with Crim.R. 11 and that the trial court's failure to inform the defendant of the effect of a guilty plea is "presumed not to be prejudicial." *Griggs* at syllabus. The State argues that Appellant did not assert actual innocence and that the trial court's failure to state the effect of a guilty plea did not prejudice Appellant. *See Scott* at ¶ 10.

**{¶24}** In support of its substantial-compliance argument, the State notes that the trial court, in line with the above authorities, informed Appellant of "(1) the identity of each offense involved in the plea agreements; (2) the elements of each offense; (3) the potential penalties of each offense; (4) each of the rights he was waiving by pleading guilty; (5) his automatic right of appeal if convicted." The State also argues the trial court asked Appellant whether he reviewed the plea agreement; whether he had any questions; and whether he understood what was contained within the plea agreement. Each of these points pertains to the requirements in Crim.R. 11(C)(2)(a) or (c). While the record supports the conclusion the trial court explained the rights contained in Crim.R. 11(C)(2)(a) and (c), the trial court failed to mention anything about the effect of Appellant's guilty plea as

8

required by Crim.R. 11(C)(2)(b) and as defined in Crim.R. 11(B)(1). Nothing in the plea colloquy or the written plea form explained the effect of Appellant's guilty plea.

{¶25} The Supreme Court of Ohio decided *Sarkozy*, 2008-Ohio-509, three to four years after the decisions upon which the State relies here. *Sarkozy* makes clear that compliance with one portion of Crim.R. 11 does not excuse a complete failure to comply with another portion of Crim.R. 11. *Id.* at ¶ 22. Indeed, where there is a complete failure to comply with a portion of Crim.R. 11, there is "no compliance with Crim.R. 11." *Id.* Further, the State does not address *Dangler*, 2020-Ohio-2765, which represents the most recent jurisprudence on this issue and which jettisoned the substantial compliance analysis standard because it muddled the analysis of this issue. Although the trial court explained the constitutional rights in Crim.R. 11(C)(2)(c), it did not inform Appellant of, much less explain, the effect of his guilty plea as Crim.R. 11(C)(2)(B) requires.

{¶26} As *Dangler* states, there are two basic exceptions to the prejudice requirement: first when the trial court "fails to explain the constitutional rights that a defendant waives;" and second, when the trial court completely fails to inform the defendant of the "'nonconstitutional' aspects of" Crim.R. 11(C). *Id.* at ¶ 14-15, quoting *State v. Veney*, 2008-Ohio-5200, ¶ 17.

{¶27} *Griggs*, 2004-Ohio-4415, and *Scott*, 2005-Ohio-689 (11th Dist.), remain good law for the proposition that a defendant is required to show prejudice from a trial court's failure to fully comply with the nonconstitutional aspects of Crim.R. 11. However, under *Sarkozy* and *Dangler*, when there is a complete failure to comply with any portion of Crim.R. 11, no showing of prejudice is required. In short, the State's argument relies

9

on a requirement to show prejudice that *Dangler* has eliminated. *See State v. Huffman*, 2024-Ohio-5273, ¶ 10-11 (5th Dist.).

**{¶28}** In this case, although the trial court explained several constitutional rights that Appellant was giving up by entering a guilty plea, the trial court never informed Appellant that the effect of a guilty plea was the complete admission of his guilt and did not make any statement to this effect during the plea hearing. Therefore, the trial court completely failed to comply with the relevant nonconstitutional aspect of Crim.R. 11(C)(2)(b). The effect of the guilty plea is not wrapped up within the requirements listed in Crim.R. 11(C)(2)(a) or (c). The trial court's responsibility to inform and determine that the accused understands the effect of the guilty plea is its own separate nonconstitutional requirement. The State's reliance on *Griggs* and *Scott,* which do not address a trial court's complete failure to comply with Crim.R. 11, is misplaced. Appellant need not show prejudice in this case because the trial court completely failed to comply with the nonconstitutional aspects of Crim.R. 11. No showing of prejudice is necessary, and Appellant's plea must be vacated.

**{¶29}** Accordingly, Appellant's first assignment of error has merit.

**{¶30}** Appellant's second assignment of error states: "The trial court committed reversible error in violation of Appellant's constitutional rights by accepting Appellant's pleas without properly explaining compulsory process."

**{¶31}** Our disposition of Appellant's first assignment of error renders his second assignment of error moot, and we decline to address it.

10

Case Nos. 2024-T-0042, 2024-T-0064

{¶32} For the foregoing reasons, the judgments of the Trumbull County Court of Common Pleas are reversed, and Appellant's plea is vacated. These matters are remanded to the point of error, i.e., the plea hearing, for further proceedings in accordance with this opinion.

ROBERT J. PATTON, P.J.,

MATT LYNCH, J.,

concur.