[Cite as *State v. Oliver*, 2026-Ohio-1751.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.  31535 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RAPHAEL OLIVER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.  CR-2024-05-1525 |

DECISION AND JOURNAL ENTRY

Dated: May 13, 2026

---

SUTTON, Judge.

**{¶1}** Defendant-Appellant Raphael Oliver appeals the judgment of the Summit County Court of Common Pleas.  For the reasons that follow, this Court reverses.

I.

**Relevant Background Information**

**{¶2}** Mr. Oliver was indicted on one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2), a felony of the second degree with an attendant money forfeiture specification for $950.00, and one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the second degree.  Mr. Oliver pleaded not guilty to the charges.

**{¶3}** At a pretrial status conference, the parties reached a potential resolution to this matter.  The State agreed to amend the possession charge to a felony of the third degree.  Further, the State agreed to dismiss the trafficking charge if Mr. Oliver pleaded guilty to the amended possession charge and to the forfeiture specification for $950.00.  Mr. Oliver pleaded guilty to the

amended possession charge and forfeiture specification and the State dismissed the trafficking charge. The trial court sentenced Mr. Oliver to an 18-month term of incarceration.

{¶4} Mr. Oliver appeals raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**[MR.] OLIVER'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY TENDERED.**

{¶5} In his sole assignment of error, Mr. Oliver argues his plea is not valid. Specifically, Mr. Oliver argues the trial court: (1) did not inform him of the full contours of his privilege against self-incrimination; and (2) did not inform him regarding the effect of his guilty plea. We focus our analysis on Mr. Oliver's argument regarding the effect of his guilty plea because it is dispositive of this appeal.

{¶6} "A criminal defendant's choice to enter a guilty plea is a serious decision." *State v. Blouir*, 2022-Ohio-1222, ¶ 12 (9th Dist.), quoting *State v. Bishop*, 2018-Ohio-5132, ¶ 10, citing *State v. Clark*, 2008-Ohio-3748, ¶ 25. "Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid." *Bishop* at ¶ 10.

{¶7} In felony cases, the Supreme Court of Ohio has indicated:

Crim.R. 11(C) prescribes the process that a trial court must use before accepting a plea of guilty to a felony. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 8. The trial court must follow certain procedures and engage the defendant in a detailed colloquy before accepting his or her plea. [*State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 26]; *see* Crim.R. 11(C). The court must make the determinations and give the warnings that Crim.R. 11(C)(2)(a) and (b) require and must notify the defendant of the constitutional rights that Crim.R. 11(C)(2)(c) identifies. *Veney* at ¶ 13. While the court must strictly comply with the requirements listed in Crim.R. 11(C)(2)(c), the court need only substantially comply with the requirements listed in Crim.R. 11(C)(2)(a) and (b). *Id.* at ¶ 18.

*Bishop* at ¶ 11.  Specifically, Crim.R. 11(C) states:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶8}    Mr. Oliver argues, during the plea colloquy, the trial court failed to inform him regarding the effect of his guilty plea pursuant to Crim.R. 11(C)(2)(b).  Crim.R. 11(B), captioned "Effect of guilty or no contest pleas," states that a plea of guilty "is a complete admission of the defendant's guilt."  Crim.R. 11(B)(1).  "The information that a guilty plea is a complete admission of guilt, along with the other information required by Crim.R. 11, ensures that defendants enter pleas with knowledge of rights that they would forgo and creates a record by which appellate courts can determine whether pleas are entered voluntarily."  *State v. Griggs*, 2004-Ohio-4415, ¶ 10-11; *See State v. Nero*, 56 Ohio St.3d 106, 107 (1990).  The *Griggs*' Court further explained:

> The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore is subject to review under a standard of substantial compliance.  Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice.  The test for prejudice is "whether the plea would have otherwise been made."  Under the

> substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood that a guilty plea is a complete admission of guilt.

(Internal citations omitted.) *Id*. at ¶ 12. An exception to the prejudice requirement exists however where "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." (Emphasis in original.) *State v. Dangler*, 2020-Ohio-2765, ¶ 15. *See State v. Sarkozy*, 2008-Ohio-509, ¶ 22 (where Supreme Court of Ohio determined the trial court had completely failed to comply with Crim.R. 11(C)(2)(a)'s requirement that it explain the maximum penalty when the court made no mention of post-release control in the plea colloquy, despite the fact the defendant was subject to a mandatory term of post-release control.).

{¶9} Here, the record shows the trial court and Mr. Oliver had an extensive conversation regarding possible evidence and outcomes in the case, if it went to a jury, prior to the actual plea colloquy. When Mr. Oliver's counsel asked him what he wanted to do regarding the plea, Mr. Oliver stated, "I ain't got no choice, man." Mr. Oliver then asked to speak with his father regarding the plea, and when they were finished speaking, Mr. Oliver informed the trial court he was ready to plead guilty. During the plea colloquy, the trial court discussed the constitutional rights Mr. Oliver would be giving up if he pleaded guilty, the nature of the charges, and the maximum penalties, including post-release control.

{¶10} However, as required by Crim.R. 11(C)(2)(b), the trial court did not mention the effect of a guilty plea, and that the court, upon acceptance of the guilty plea, may proceed with judgment and sentence. *See State v. Howard*, 2025-Ohio-340, ¶ 28 (11th Dist.) ("In this case, although the trial court explained several constitutional rights that Appellant was giving up by entering a guilty plea, the trial court never informed Appellant that the effect of a guilty plea was the complete admission of his guilt and did not make any statement to this effect during the plea

hearing. Therefore, the trial court completely failed to comply with the relevant nonconstitutional aspect of Crim.R. 11(C)(2)(b). The effect of the guilty plea is not wrapped up within the requirements listed in Crim.R. 11(C)(2)(a) or (c). The trial court's responsibility to inform and determine that the accused understands the effect of the guilty plea is its own separate nonconstitutional requirement.").

{¶11} Similar to *Howard*, *supra*, because the trial court completely failed to comply with Crim.R. 11(C)(2)(b), in not mentioning the effect of a guilty plea during the colloquy, Mr. Oliver's burden to show prejudice is eliminated and his plea must be vacated.

{¶12} Accordingly, Mr. Oliver's sole assignment of error is sustained.

### III.

{¶13} For the foregoing reasons, Mr. Oliver's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and this case is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

     Costs taxed to Appellee.


                                  _____
                                  BETTY SUTTON
                                  FOR THE COURT


HENSAL, P. J.
STEVENSON, J.
CONCUR.


APPEARANCES:

ANDREW KARAS, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.